# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 11, 2007         Decided June 1, 2007

No. 04-3157

UNITED STATES OF AMERICA,
APPELLEE

v.

ROBERT WILLIAMS, *A/K/A* ROBERT CROWDER,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 04cr00136-01)

*Ernest W. McIntosh, Jr.*, appointed by the court, argued the cause for the appellant.

*Patricia A. Heffernan*, Assistant United States Attorney, argued the cause for the appellee. *Kenneth L. Wainstein*, United States Attorney at the time the brief was filed, and *Roy W. McLeese III*, Assistant United States Attorney, were on brief for the appellee.

Before: HENDERSON, RANDOLPH and KAVANAUGH, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Appellant Robert Williams pleaded guilty to unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1), unlawfully possessing with intent to distribute (PWID) cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and unlawfully possessing with intent to distribute cannabis in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). Because Williams had been convicted of three prior "serious drug offense[s]," the district court sentenced him to 15 years of incarceration pursuant to 18 U.S.C. § 924(e).[1] Williams now appeals his sentence, arguing that (1) the district court erred by sentencing him pursuant to section 924(e), (2) he received ineffective assistance of counsel when his trial counsel failed to object to his sentence and (3) the Government breached the plea agreement by alerting the court to his three prior convictions. For the reasons set forth below, we reject Williams's arguments and affirm his sentence.

**I.**

On February 16, 2004, two members of the United States Park Police observed a blue Mercury Marquis with temporary tags exceeding the speed limit in southeast Washington, D.C. and conducted a traffic stop.[2] When one of the officers approached the automobile to speak to the driver, he detected

---

[1]Section 924(e)(1) provides, "[A] person who violates section 922(g) of this title and has three previous convictions . . . for . . . a serious drug offense . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

[2]The description of Williams's arrest is derived from the Factual Proffer attached to Williams's Plea Agreement. Letter from Kenneth L. Wainstein, United States Attorney, to Mona Asiner, Counsel for Robert Williams 2 (July 15, 2004) (Plea Agreement), *reprinted in* Appellee's Record Material (RM) at Tab A.

the odor of burnt marijuana emanating from the vehicle. After requesting that the driver lower the car's tinted windows, he smelled fresh marijuana and discovered four additional occupants in the vehicle, including Williams. One of the officers removed Williams from the car and noticed a heavy object in one of his jacket pockets. On touching Williams's pocket, the officer believed Williams possessed a gun. He then searched Williams and recovered a .9mm pistol containing seven rounds of ammunition. Williams was arrested and a second search of his person revealed 22 ziplock bags of marijuana and a bag containing eight pink ziplock bags of crack cocaine.

In an indictment filed March 16, 2004, a grand jury charged Williams with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1) (Count 1); PWID cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2); PWID cannabis in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count 3); and using, carrying and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count 4). On July 15, 2004, Williams signed a plea agreement in which he pleaded guilty to Counts 1, 2 and 3. Williams also agreed, *inter alia*, to the following: (1) Count 1 carried a maximum prison sentence of 10 years, Count 2 carried a maximum prison sentence of 20 years and Count 3 carried a maximum prison sentence of five years; (2) the United States Sentencing Guidelines (U.S.S.G.) Manual would determine Williams's "guideline range," Letter from Kenneth L. Wainstein, United States Attorney, to Mona Asiner, Counsel for Robert Williams 2 (July 15, 2004) (Plea Agreement), *reprinted in* Appellee's Record Material (RM) at Tab A; and (3) based on his criminal history, Williams was a "career offender" subject to "the career offender provisions of the Sentencing Guidelines," *id.* The Factual Proffer attached to the Plea Agreement stated

that "[Williams] had been previously convicted of the following felony drug convictions in the District of Columbia: Unlawful Distribution of Cocaine, in 1996, Attempted Distribution of Cocaine in 1993, and Possession with Intent to Distribute Cocaine in 1985." *Id.* at 8. In exchange for Williams's cooperation, the Government agreed (1) "not [to] seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines," *id.* at 2, (2) to decrease Williams's base offense level by three points for acceptance of responsibility under U.S.S.G. § 3E1.1(b) and (3) to request that the court dismiss Count 4 at the sentencing hearing. *Id.* at 4.

On July 16, 2004, the district court held Williams's plea hearing. In explaining the Plea Agreement, defense counsel declared, "[Williams] agrees in the plea agreement that he has been previously convicted and the three felonies are spell [sic] out." Tr. 7/16/04, at 8. When asked by the district court about the nature of the prior convictions, counsel further explained:

> There are three drug felonies. Let me get out the full papers, Your Honor . . . One is distribution of cocaine where he was sentenced from 20 to 60 months in '96. The other is attempt [sic] distribution of cocaine in '93, two to six years, ESS, two years probation. Then there was PWID cocaine in '85. 20 months to five years . . . He did the time with some in and out with revocations and so on.

*Id.* at 9-10. Despite Williams's assurance to the court that he understood the Plea Agreement, the district court found it unfair to Williams and rejected it, explaining, "[A] waiver of Blakely rights, particularly by a man with a sixth grade education who

isn't quite sure he can even read the plea agreement is not a good idea."[3]  *Id.* at 11.

The parties reconvened for entry of Williams's guilty plea on August 5, 2004.  Defense counsel began by alerting the district court that she had previously miscalculated Williams's sentence and that the correct sentence under the Guidelines "inure[d] to the detriment of Mr. Williams."  Tr. 8/5/04, at 2-3.  Counsel explained, "[I]f the Probation Office finds that he is an *armed career criminal* . . . the guideline range would be . . . an offense level 37 minus three points for acceptance of responsibility, which would be a 34 . . . [s]o pursuant to a plea, he would be at 262 to 327 months." *Id.* at 3 (emphasis added).  When questioned by the court about the severity of the sentence, defense counsel responded, "I told [Williams] that I'm against this, but he—this is what he wants to do."  *Id.* at 4.  Nevertheless, the judge again refused to accept Williams's guilty plea.

Although the court had twice expressed its dissatisfaction with the Plea Agreement, defense counsel resubmitted it one week later.  She also recalculated the suggested sentencing range, asserting that Williams could receive 188 to 235 months' imprisonment.  In response to questioning by the court, Williams stated that he expected to be released from prison in a "[l]ong time . . . [s]ay 15 years" when he is "[a]bout 60 something."  Tr. 8/11/04, at 5.  This time, the court accepted his plea.

On September 17, 2004, the United States Probation Office issued a presentence report (PSR) for Williams.  On October

---

[3]Williams's plea hearing occurred before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which expanded its holding in *Blakely v. Washington*, 542 U.S. 296 (2004), regarding the United States Sentencing Guidelines.

6th, the Government objected to the PSR's classification of Williams as a "Career Offender," asserting that it "appear[ed] that [Williams] should be classified as an *armed* career offender pursuant to U.S.S.G. § 4B1.4 and 18 U.S.C. 924(e)" and therefore his "sentence would involve a mandatory minimum sentence of 15 years of incarceration."[4]  Letter from Tricia D. Francis, Assistant United States Attorney, to Deborah Stevens Panzer, U.S. Probation Office (Oct. 6, 2004) (Francis Letter), *reprinted in* Appellant's Appendix (AA) at Tab 7 (emphasis added).  Five days later, the probation office issued a revised PSR categorizing Williams as an armed career offender under 18 U.S.C. § 924(e) subject to a mandatory minimum term of 15 years' incarceration.

At Williams's sentencing hearing on October 27, 2004, the district court concluded that it was required under 18 U.S.C. § 924(e) to sentence him to a minimum of 15 years' imprisonment.  The court explained, "The plea agreement notes that Mr. Williams' violation of 922(g)(1) has a maximum of 10 years in prison, which is inconsistent with the armed career criminal finding, but the plea agreement also says the guidelines apply." Tr. 10/27/04, at 3.  Defense counsel objected, arguing:

> [I]n the plea agreement it says that [Williams] would be subject to the career offender provisions.  When I got the presentence report and I noted my particular objections, I said I didn't object to career offender because that's what was here.  The original presentence report did not have him as an armed career offender, so when it was redone, based on the Government's objection, it made

---

[4]In addition, Williams objected "to the 4 level increase re: defendant using or possessing a firearm or ammunition in connection with any other felony offense." Letter from Mona Asiner, Counsel for Robert Williams, to Deborah Stevens Panzer, U.S. Probation Office (Sept. 29, 2004), *reprinted in* Appellant's Appendix (AA) at Tab 6.

him under the Armed Career Offender Act, which is different than the Career Offender Act.

*Id.* The court ultimately sentenced Williams to 15 years' imprisonment for being a felon in possession of a firearm, 15 years for PWID cocaine base and five years for PWID cannabis, the terms to be served concurrently. This appeal followed.

## II.

We address separately Williams's sentencing, ineffective assistance of counsel and plea agreement claims.

### *A. Sentencing Claims*

The district court sentenced Williams pursuant to section 924(e) because he pleaded guilty to a violation of section 922(g) and because, as his PSR indicated, he had been convicted of three prior "serious drug offense[s]"—unlawful distribution of cocaine in 1996, attempted distribution of cocaine in 1992[5] and PWID cocaine in 1985. Williams argues that the court erred regarding two of his prior convictions. Specifically, he contends that an "attempt" crime—like his 1992 conviction of attempted distribution of cocaine—does not constitute a "serious drug offense" under section 924(e) and that the PSR alone cannot establish the fact of his 1985 conviction of PWID cocaine.

Because Williams failed to raise this argument in the district court, we review his claims for plain error only. *See* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *see also United States v. Washington*, 115 F.3d

---

[5]Although the Factual Proffer recited that Williams was convicted of "Attempted Distribution of Cocaine in 1993," Plea Agreement, *supra*, at 8, the PSR stated that his conviction occurred in 1992, Presentence Investigation Report, Docket No.: CR-04-136-01, at 9. We rely on the PSR.

1008, 1010 (D.C. Cir. 1997). Under that standard, we will remedy a trial court error only if there is "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights[]' . . . [and] (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). An error "affect[s] substantial rights" if it is "prejudicial." *Olano*, 507 U.S. at 734. To establish prejudice in the sentencing context, Williams "must show a reasonable likelihood that the sentencing court's obvious errors affected his sentence." *United States v. Saro*, 24 F.3d 283, 288 (D.C. Cir. 1994).

We believe the district court did not err in concluding that Williams's 1992 attempted distribution of cocaine conviction constitutes a "serious drug offense" under section 924(e). Section 924(e)(2)(A)(ii) defines "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). In *United States v. Alexander*, 331 F.3d 116, 130 (D.C. Cir. 2003), we held that the defendant's prior conviction of attempted possession with intent to distribute a controlled substance qualified as a "serious drug offense." In so holding, we observed that the Congress did "not speak in specifics" in defining "serious drug offense" but instead included "an entire class of state offenses 'involving' certain activities, namely 'manufacturing, distributing, or possessing with intent to manufacture or distribute' a controlled substance." *Id.* at 131 (quoting 18 U.S.C. § 924(e)(2)(A)(ii)). Because we agreed with the Second Circuit's statement in *United States v. King*, 325 F.3d 110 (2d Cir. 2003), that the term "involving" is expansive, we concluded that the defendant's prior attempt conviction "'involv[ed]' possession with intent to distribute a controlled substance." *Alexander*, 331 F.3d at 131. Similarly,

Williams's 1992 attempted distribution of cocaine conviction "involv[ed]" distribution of cocaine and thus constitutes a "serious drug offense" under section 924(e).[6] *Id.*

Moreover, we need not determine whether the district court erred by relying exclusively on the PSR to establish Williams's 1985 conviction of PWID cocaine because Williams has not demonstrated "a reasonable likelihood" that his sentence would have been reduced had the court required more to establish the fact of the conviction. *See Saro*, 24 F.3d at 288 ("[T]he defendant must show a reasonable likelihood that the sentencing court's obvious errors affected his sentence."). Indeed, the record does not indicate in any way that the 1985 conviction had ever been vacated and Williams makes no such assertion on appeal. Moreover, he admitted the 1985 conviction both at his July 16, 2004 plea hearing, *see* Tr. 7/16/04, at 9-10, and in the Factual Proffer attached to the Plea Agreement, Plea Agreement, *supra*, at 8. Because Williams had been convicted of three prior "serious drug offense[s]," section 924(e) required the district court to sentence him to a mandatory minimum of 15 years' imprisonment. *See* 18 U.S.C. § 924(e)(1) (providing that person convicted under section 922(g) with three prior serious drug

---

[6]Williams fails even to mention *Alexander* in his brief and the decisions of this court which he does cite are inapposite. Both *United States v. Price*, 990 F.2d 1367, 1368 (D.C. Cir. 1993), and *United States v. Seals*, 130 F.3d 451, 463 (D.C. Cir. 1997), examine the definition of "controlled substance offense" under U.S.S.G. §§ 4B1.1 and 4B1.2 (Career Offender provisions). As Application Note 1 to U.S.S.G. § 4B1.4—the "Armed Career Criminal" sentencing guideline that applies if a defendant is subject to section 924(e)—states, "[T]he definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 (Career Offender)." U.S. Sentencing Guidelines Manual § 4B1.4 app. n.1.

offenses "*shall* be . . . imprisoned not less than fifteen years" (emphasis added)).

### B. Ineffective Assistance of Counsel Claims

When a criminal defendant raises an ineffective assistance of trial counsel claim on direct appeal, "this court's general practice is to remand the claim for an evidentiary hearing unless the trial record alone conclusively shows that the defendant either is or is not entitled to relief." *United States v. Moore*, 394 F.3d 925, 931 (D.C. Cir. 2005) (quoting *United States v. Rashad*, 331 F.3d 908, 909-10 (D.C. Cir. 2003)). Williams argues that he is entitled to an evidentiary hearing to determine whether his trial counsel's failure to object to his sentence imposed under section 924(e) and her failure to verify his 1985 PWID cocaine conviction constituted ineffective assistance.

To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and prejudice to him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if she "made errors so serious that [she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Moore*, 394 F.3d at 931 (quoting *Strickland*, 466 U.S. at 687). That is, counsel must provide "reasonably effective assistance." *Strickland*, 466 U.S. at 687. Prejudice occurs if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Moore*, 394 F.3d at 931 (quoting *Strickland*, 466 U.S. at 694). "[R]easonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The record conclusively demonstrates that Williams's trial counsel did not render ineffective assistance. First, as noted earlier, our decision in *Alexander* makes clear that Williams's attempted distribution of cocaine conviction qualifies as a "serious drug offense" under section 924(e). *See* 331 F.3d at

130. Thus, trial counsel's failure to object to the district court's consideration of the attempt conviction in sentencing Williams was not unreasonable. *See Strickland*, 466 U.S. at 687. We need not address whether Williams's trial counsel acted unreasonably in failing to independently investigate the fact of his 1985 conviction because Williams cannot demonstrate prejudice. Williams twice admitted his 1985 conviction in district court and he does not argue before us that a more thorough investigation by counsel would have revealed that the conviction either did not occur or had been vacated. We "ha[ve] never held that *any* claim of ineffective assistance of counsel, no matter how conclusory or meritless, automatically entitles a party to an evidentiary remand," *United States v. Poston*, 902 F.2d 90, 99 n.9 (D.C. Cir. 1990) (emphasis in original), and, accordingly, we need not remand here.

### *C. Plea Agreement Claim*

Williams's Plea Agreement states that the Government "will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines" and that "[Williams] will be subject to the career offender provisions of the Sentencing Guidelines." Plea Agreement, *supra*, at 2. Williams argues that the Government breached the Plea Agreement by informing the probation office that "it appears that [Williams] should be classified as an *armed* career offender pursuant to U.S.S.G. § 4B1.4 and 18 U.S.C. 924(e)." Francis Letter, *supra* (emphasis added). In other words, Williams contends that the Government agreed to recommend a sentence under U.S.S.G. § 4B1.1, the "Career Offender" guideline,[7] and

---

[7]Section 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a

breached that agreement by asserting that Williams should instead be sentenced pursuant to section 924(e) and U.S.S.G. § 4B1.4, the "Armed Career Criminal" guideline.[8]

We need not address the Government's alleged breach of the Plea Agreement in view of our holding that the district court was statutorily required to sentence Williams to a mandatory minimum of 15 years' imprisonment.[9] That is, Williams pleaded guilty to a violation of section 922(g) and he had been convicted of three prior "serious drug offense[s]." *See* 18 U.S.C. § 924(e). Consequently, a remand to the district court for resentencing would not result in a sentence more favorable to Williams.[10]

For the foregoing reasons, the judgment of the district court is affirmed.

*So ordered.*

---

felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

[8]Section 4B1.4 applies to "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a).

[9]That said, the Government could no more have agreed to deviate from the statutorily-required sentence than could the district court.

[10]Williams's request that we remand for an evidentiary hearing to determine whether a breach occurred, *see* Appellant's Br. at 22, is also denied.