**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4968**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LESLIE WADE WALKER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Lacy H. Thornburg,
District Judge.   (1:06-cr-00048-LHT)

Submitted:   March 23, 2009          Decided:   April 9, 2009

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North
Carolina, for Appellant.   Gretchen C. F. Shappert, United States
Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Wade Walker appeals the 212-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006). Walker argues that his due process rights were violated because he did not receive notice that he would be sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), the Government failed to prove the predicate offenses necessary to designate him as an armed career criminal, and the Government violated its implicit agreement not to seek a sentence under the ACCA. The Government counters that it did not breach the plea agreement, Walker waived his right to appeal his sentence, and that his claims otherwise lack merit.

We find that there was no implicit agreement to exempt Walker from the armed career criminal designation. Cf. United States v. Williams, 488 F.3d 1004, 1011 & n.9 (D.C. Cir. 2007) (declining to address claim that Government breached plea agreement by seeking ACCA sentence where plea agreement discussed only career offender provision, but noting that "the Government could no more have agreed to deviate from the statutorily required sentence than could the district court"). Therefore, we conclude that the Government did not breach the plea agreement by pursuing an armed career criminal enhancement.

2

Turning to the waiver of appellate rights, we find that the remainder of Walker's claims are within the scope of the valid waiver. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Accordingly, we affirm in part and dismiss in part Walker's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART
AND DISMISSED IN PART