**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4159**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

KEVIN MITCHELL EADES, a/k/a EZ,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior
District Judge.  (7:13-cr-00504-GRA-1)

Submitted:  September 15, 2014      Decided:  September 26, 2014

Before KING, AGEE, and THACKER, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Derek J. Enderlin, ROSS & ENDERLIN, P.A., Greenville, South
Carolina, for Appellant.  Elizabeth Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Eades appeals the district court's judgment sentencing him to 120 months' imprisonment following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). The Government has moved to dismiss Eades's appeal pursuant to the waiver of appellate rights to which he agreed at his sentencing. Eades contends that his waiver is voidable, he did not knowingly and intelligently waive his right to appeal, his guilty plea is void, and his trial counsel was ineffective for advising him to agree to the appeal waiver. We grant the motion in part, and dismiss the appeal except to the extent Eades raises ineffective assistance claims outside the scope of the waiver. As to the claims outside the scope of the waiver, we affirm.

We reject Eades's contention that his waiver is voidable for inadequate or improper consideration. Eades received valuable consideration when the Government, in good faith, forbore its pursuit of the Armed Career Criminal sentencing enhancement under 18 U.S.C. § 922(e), regardless of whether Eades might ultimately have prevailed on the issue. Moreover, the Government's forbearance does not constitute illegal consideration because the Government merely agreed not to pursue the enhancement. Cf. United States v. Williams, 488 F.3d 1004, 1011 & n.9 (D.C. Cir. 2007) (holding that the

2

Government likely could not agree to a plea bargain which would directly circumvent a mandatory minimum). Thus, we turn to the waiver itself.

A waiver will preclude an "appeal[] [of] a specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "An appellate waiver is valid if the defendant knowingly and intelligently agreed to [waive the right to appeal]." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances." Id. (internal quotation marks omitted). We review de novo whether a defendant validly waived his right to appeal. Id.

Upon review of the record, we conclude that the district court adequately explained the implications of the waiver at Eades's sentencing. Eades twice confirmed that he understood the waiver as explained. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). The fact that this explanation took place at the sentencing, instead of the Fed. R. Crim. P. 11 colloquy, is irrelevant. Therefore, we grant the Government's motion in part and dismiss Eades's appeal to the extent that he challenges his sentence. We also dismiss Eades's

3

appeal to the extent that he challenges the validity of his plea, as those claims are barred by the waiver.

By contrast, Eades's claims of ineffective assistance of trial counsel are not barred by the waiver, so we deny the Government's motion to dismiss as to those claims. See Manigan, 592 F.3d at 627; United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (stating ineffective assistance claims following guilty plea cannot be waived); see also Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (providing standard). Nevertheless, ineffective assistance of counsel claims are not generally cognizable on appeal unless ineffective assistance "conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We decline to review Eades's ineffective assistance claims on direct appeal because ineffective assistance does not conclusively appear on this record. Eades must bring his claim — if at all — in a 28 U.S.C. § 2255 motion in order to allow for adequate development of the record. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Accordingly, we dismiss the appeal as to those claims within the scope of the appeal waiver, and affirm the remainder of the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>