97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence L. FRANKLIN, Defendant-Appellant.
 No. 96-1638.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1996.
Decided Sept. 17, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Clarence L. Franklin appeals his conviction (after a guilty plea) and sentence for possession of ammunition by a convicted felon, 18 U.S.C. §§ 922(g)(1). His counsel has filed a motion to withdraw and a no-merit brief, arguing that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967). Under Circuit Rule 51(a), Franklin was notified of his counsel's actions and given the opportunity to respond. Franklin has submitted a response.
 
 
 2
 We will dismiss the appeal only if the potential issues on appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). We must examine the entire record rather than limit our inquiry to the points raised in the no-merit brief. See Anders, 386 U.S. at 744; Penson v. Ohio, 488 U.S. 75, 82-83 & n. 6 (1988).
 
 
 3
 The no-merit brief states that "Mr. Franklin has no desire to withdraw from the plea offer." Franklin's response to the no-merit brief does not take issue with this characterization, and, moreover, does not complain about any aspect of the plea agreement or the change of plea hearing. We must conclude that Franklin would have no remedy for any arguable defect in the plea agreement or the change of plea hearing. See McCarthy v. United States, 394 U.S. 459, 468-69, 472 (1969) (remedy for failure to comply with Rule 11 is to set aside guilty plea and to remand for opportunity to plead anew); United States v. King, 62 F.3d 891, 895, 896 (7th Cir.1995) (remedy for due process violation resulting from failure to describe consequences of a guilty plea is withdrawal of the plea); United States v. Padilla, 23 F.3d 1220, 1224-25 (7th Cir.1994).
 
 
 4
 Both the no-merit brief and Franklin's response focus on the sentencing determination that three of his previous convictions subjected him to the mandatory minimum of fifteen years' imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Franklin first contends that a juvenile armed robbery offense, for which he was adjudicated delinquent seventeen years earlier, could not be counted as a previous conviction under the ACCA. However, as counsel recognizes, the ACCA defines "conviction" to include "a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C). Counsel also correctly cites our holding that the ACCA does not place a time limit on previous convictions. United States v. Wright, 48 F.3d 254 (7th Cir.1995).
 
 
 5
 Franklin's other contention is that he does not have three previous convictions for a "violent felony." His first two convictions were for armed robbery, each of which is clearly a "violent felony" under the ACCA. His third conviction was a Wisconsin conviction for burglary. The Supreme Court explained that "burglary" for purposes of the ACCA means "any crime, regardless of its exact definition or label, having the elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). Wisconsin's statutory definition of burglary is the intentional entry of a building or structure "without the consent of the person in lawful possession and with intent to steal or commit a felony in such place." Wis.St. § 943.10. This statutory definition of burglary matches the definition of burglary in Taylor, and therefore, as counsel correctly argues, the conviction was properly counted under the ACCA. Taylor, 495 U.S. at 602.
 
 
 6
 Our review of the record reveals no arguably meritorious issues for appeal. Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED as frivolous.