# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-31292
Summary Calendar

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

September 28, 2007

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

IRVING D ANDERSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20182-1

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Irving D. Anderson appeals the 188-month sentence imposed by the district court following his guilty plea to being a felon in possession of firearms. The district court sentenced Anderson as an armed career offender pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 based on Anderson's previous Wisconsin burglary convictions.

Anderson argues that the district court erred in subjecting him to an enhanced sentence as an armed career offender based on the recitation of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

facts of his Wisconsin burglary convictions set forth in the Presentence Report and the documents of record pertaining to the convictions, which include the Wisconsin criminal complaints. The Government argues that the enhancement should be upheld because, as to three of Anderson's burglary convictions, the judgment of conviction establishes that Anderson pleaded guilty to an offense identical to "generic burglary" as defined by Taylor v. United States, 495 U.S. 575 (1990).

A district court's decision whether a defendant's three previous convictions were for violent felonies as defined by § 924(e) must be made in accordance with the law of the jurisdiction in which the defendant was convicted. See United States v. Vidaure, 861 F.2d 1337, 1340 (5th Cir.1988). The record contains judgments of conviction that show that Anderson was convicted on three separate occasions of violating WIS. STAT. § 943.10(1)(a), which criminalizes the entry of "any building or dwelling" where entry is made "without the consent of the person in lawful possession and with intent to steal or commit a felony in such place." Because the Wisconsin statute under which Anderson was thrice convicted conforms to Taylor's definition of generic burglary, the district court did not err in sentencing Anderson as an armed career offender pursuant to § 924(e) and § 4B1.4. See United States v. Martinez-Cortez, 988 F.2d 1408, 1411-12 & n.20 (5th Cir.1993).

To the extent that Anderson contends that the district court violated United States v. Booker, 543 U.S. 220 (2005) and the Constitution by making the determination that his prior offenses were violent felonies, his argument is without merit. See United States v. White, 465 F.3d 250, 251 (5th Cir. 2006); United States v. Brown, 437 F.3d 450, 451 n.1 (5th Cir. 2006). Anderson's contention that the district court was required to find the facts underlying the sentencing enhancement beyond a reasonable doubt is also unavailing. See United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct.

2884 (2006). Anderson has not shown that the district court erred in enhancing his sentence as an armed career offender.

Anderson also contends that the district court erred in determining that an enhancement was warranted under U.S.S.G. § 2K2.1(B)(5). We need not address the merits of this argument because the district court's determination regarding the § 2K2.1(B)(5) enhancement did not affect Anderson's total offense level, which was determined through application of the armed career offender guideline. See United States v. El-Zoubi, 993 F.2d 442, 451 (5th Cir. 1993).

The judgment of the district court is AFFIRMED.