# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2399

_____

United States of America

*Plaintiff - Appellee*

v.

Jonathon Adam Lamb

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 18, 2017
Filed: February 3, 2017

_____

WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.[*]

_____

LOKEN, Circuit Judge.

_____

[*]This opinion is being filed by Judge Wollman and Judge Loken pursuant to
8th Cir. Rule 47E.

Jonathon Adam Lamb pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Lamb to 180 months in prison, the mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") for a defendant who has three prior "violent felony" convictions. 18 U.S.C. § 924(e)(1). Lamb appealed his sentence. We affirmed, applying the familiar but often perplexing "categorical approach" to assess whether his prior convictions were violent felonies as defined in 18 U.S.C. § 924(e)(2)(B). See Descamps v. United States, 133 S. Ct. 2276, 2283-85 (2013); Johnson v. United States, 559 U.S. 133, 144-45 (2010). We concluded that Lamb's two prior Michigan unarmed robbery convictions were violent felonies under the ACCA's force clause, § 924(e)(2)(B)(i), and that a state court charging document established that his prior Wisconsin burglary conviction was for the crime of generic burglary, an enumerated violent felony in § 924(e)(2)(B)(ii). United States v. Lamb, 638 F. App'x 575 (8th Cir. 2016). We noted the Supreme Court had granted a writ of certiorari to review our decision in United States v. Mathis, 786 F.3d 1068 (8th Cir. 2015), where we upheld applying the ACCA to an Iowa burglary conviction.

The Supreme Court reversed our decision in Mathis, 136 S. Ct. 2243 (2016), granted Lamb's petition for a writ of certiorari, vacated our judgment, and remanded "for further consideration in light of Mathis." Lamb v. United States, 137 S. Ct. 494 (2016). We recalled our mandate and reopened the case but did not vacate our prior opinion. We now conclude that the Supreme Court's decision in Mathis, which did not address the ACCA's force clause, does not alter our prior decision that Lamb's Michigan robbery convictions were ACCA violent felonies. That portion of our prior opinion is reinstated. Lamb, 638 F. App'x at 576-77. Mathis does require additional analysis of whether Lamb's Wisconsin burglary conviction was an enumerated ACCA violent felony. As we will explain, Mathis does not alter our conclusion that

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

he was convicted of generic burglary. Therefore, we again affirm the judgment of the district court.

## I.

The ACCA defines the term violent felony to include any state or federal felony that "is burglary." 18 U.S.C. § 924(e)(2)(B)(ii). In Taylor v. United States, the Supreme Court concluded that Congress in the ACCA intended to adopt "the generic, contemporary meaning of burglary [which] contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. 575, 598 (1990). Thus, to determine whether a prior burglary conviction was for the violent felony of generic burglary, the Court "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Mathis, 136 S. Ct. at 2248.

Many state burglary statutes are overinclusive, that is, they define burglary more broadly than generic burglary. For example, a statute may include unlawful entry into places other than buildings, such as automobiles and vending machines. If an overinclusive statute has a "divisible" structure -- defining multiple crimes by listing one or more elements in the alternative -- the Court applies a "modified categorical approach" that "permits [federal] sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Descamps, 133 S. Ct. at 2281. However, if the statute is overinclusive and not divisible, as in Descamps, no prior conviction under that statute qualifies for the ACCA mandatory minimum sentence enhancement.

In Mathis, the Court resolved a circuit conflict regarding the meaning of the term "divisible." Under Mathis, when "faced with an alternatively phrased statute

[we must first] determine whether its listed items are elements or means." 136 S. Ct. at 2256. "Elements" are "the things the prosecution must prove to sustain a conviction." Id. at 2248 (quotation omitted). "Means" are "[h]ow a given defendant actually perpetrated the crime." Id. at 2251. To distinguish between elements and means, federal sentencing courts should look at "authoritative sources of state law" such as "a state court decision [that] definitively answers the question," or the statute's text. If necessary, the court may "peek" at the record of the prior conviction, but only to determine if the statutory alternatives are elements or means. Id. at 2256-57 (quotation omitted). If the statute lists alternative elements, it is divisible, and therefore the prior conviction is subject to modified categorical analysis. Id.

## II.

In 2006, Lamb pleaded no contest to a felony charge that he violated Wis. Stat. § 943.10(1m)(a), a subsection of the Wisconsin burglary statute:

> **943.10(1m)** Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class F felony:
>
> (a) Any building or dwelling; or
> (b) An enclosed railroad car; or
> (c) An enclosed portion of any ship or vessel; or
> (d) A locked enclosed cargo portion of a truck or trailer; or
> (e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in such home; or
> (f) A room within any of the above.

**A.** Without question, § 943.10(1m), viewed as a whole, encompasses a broader range of conduct than generic burglary as defined in Taylor, such as burglary of railroad cars, ships, trucks, and motor homes. But viewing subsections (a) - (f) as a whole, we agree with the District of Minnesota that Section (1m) is a divisible statute,

-4-

indeed, "a textbook example of one with alternative elements." United States v. Jones, 2016 WL 4186929, at *3 (D. Minn. Aug. 8, 2016).

We find support for this conclusion in Wisconsin precedent and practice. Consistent with the face of the statute, prior reported decisions all reflect that defendants were convicted of violating a specific subsection of § 943.10(1m). See, e.g., Anderson v. State, 223 N.W.2d 879, 882 (Wis. 1974) (subsection (d), locked cargo trailer of truck); State v. Champlain, 744 N.W.2d 889, 899 (Wis. App. 2007) (subsection (a), building); State v. Curtis, 424 N.W.2d 719, 719-20 (Wis. App. 1988) (subsection (f), room inside a dwelling). Likewise, taking the permitted "peek" at the record of Lamb's prior conviction, we find that he was charged with and pleaded no contest to "Burglary-Building or Dwelling," a violation of "943.10(1m)(a)." Wisconsin's model burglary jury instructions reinforce this interpretation, explaining that "[t]he model instruction is drafted for a case involving entry into a 'building.' It must be modified if entry involved any of the other places listed in § 943.10(1)(a) through (f)." Wis. J.I.-Crim. No. 1421 n.2 (2001). The Supreme Court noted in Mathis that "an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." 136 S. Ct. at 2257.

In Mathis, the Court found that a Supreme Court of Iowa decision definitively resolved the elements/means issue under state law; thus, the Court declared, the question "is easy in this case." 136 S. Ct. at 2256. Here, we have found no definitive Supreme Court of Wisconsin decision. However, that Court decided in State v. Baldwin, 304 N.W.2d 742, 747 (Wis. 1981), subsection (a) of Wis. Stat. § 940.225(2) "differs significantly from the offenses described in paragraphs (b), (c), (d) and (e), violation of each of which also constitutes second degree sexual assault." This is strong evidence the Wisconsin Supreme Court would conclude that unlawful entry

-5-

into the various "places" described in subsections (a)-(f) of § 943.10(1m) are elements of distinct burglary offenses.[2]

For these reasons, we conclude that subsections (a)-(f) of § 943.10(1m) list the locational elements of divisible burglary offenses. Therefore, the district court properly used the modified categorical approach to determine that Lamb's prior conviction was for a violation of subsection (a), burglary of a building or dwelling. See Jones, 2016 WL 4186929, at *3; cf. United States v. Gundy, 842 F.3d 1156, 1166-68 (11th Cir. 2016) (Georgia burglary statute's "alternative locational elements" are overinclusive and divisible).

**B.** On appeal, Lamb does not argue that the various subsections of § 943.10(1m) are indivisible. Rather, he argues (i) that subsection (a) itself is indivisible; (ii) that subsection (a) is overinclusive because "dwelling" can include places other than those encompassed by generic burglary; and (iii) that Descamps and Mathis preclude use of the modified categorical approach to determine that he was convicted of generic burglary of a building, rather than non-generic burglary of a dwelling. In our prior opinion, we assumed that subsection (a) is overinclusive and applied the modified categorical approach to determine that Lamb was convicted of generic burglary. 638 F. App'x at 577. After Mathis, that analysis is unsound if subsection (a) is both overinclusive and indivisible.

---

[2]Compare State v. Derango, 613 N.W.2d 833, 839 (Wis. 2000), where the Court ruled, without citing Baldwin, that Wis. Stat. § 948.07 "creates one offense with multiple modes of commission" stated in six discrete subparagraphs. In construing these other criminal statutes, the Court in Baldwin and Derango dealt with the important but distinct issue of jury unanimity. We know of no rational way to decide which of these state court decisions should govern the elements/means question that controls ACCA divisibility in this case. As Justice Breyer predicted: "What was once a simple matter [has] produce[d] a time-consuming legal tangle." Mathis, 136 S. Ct. at 2264 (Breyer, J., dissenting).

The Seventh Circuit recently concluded, after the careful review of Wisconsin law required by Mathis, "that subsection (a) lists alternative means rather than elements and is therefore indivisible." United States v. Edwards, 836 F.3d 831, 838 (7th Cir. 2016). Although the issue is not free from doubt, we will defer to the Seventh Circuit's greater familiarity with Wisconsin law and assume without deciding that § 943.10(1m)(a) is indivisible under Mathis.[3]

If subsection (a) is indivisible under Mathis, as the Seventh Circuit concluded in Edwards, we must apply the categorical approach to determine whether burglary of a "building or dwelling" is generic burglary as defined in Taylor -- "unlawful or unprivileged entry into, or remaining in, *a building or structure*, with intent to commit a crime." 495 U.S. at 599 (emphasis added). Lamb argues that a conviction under subsection (a) does not fall, categorically, within the definition of generic burglary because "'dwelling' might encompass non-generic places such as vehicles or curtilage." The notion that "dwelling" in § 943.10(1m)(a) might be construed to include vehicles is contrary to the statute because burglary of various vehicles is encompassed by the separate crimes enumerated in subsections (b), (d) and (e).

Lamb's speculation that burglary of a "dwelling" *might* encompass burglary of a non-structural curtilage is at odds with the Supreme Court's categorical approach:

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.

---

[3]Edwards went on to decide a distinct issue under the Sentencing Guidelines career offender provisions that is not before us and we do not consider.

Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007), quoted in James v. United States, 550 U.S. 192, 208 (2007). Lamb has cited no case, and we have found none, that extended § 943.10(1m)(a) to include burglary of a dwelling's curtilage. Rather, prior ACCA decisions have held that a defendant who violates this subsection of the Wisconsin burglary statute is convicted of "generic burglary." See Jones, 2016 WL 4186929, at *3 (subsection (a) "corresponds with the 'building or structure' element of generic burglary"); United States v. Anderson, 249 F. App'x 337, 338 (5th Cir. 2007); United States v. Franklin, 1996 WL 536498, at *1 (7th Cir. 1996).

Section 943.10(1m) is part of the Trespass subchapter of the Wisconsin Statutes Crimes Against Property chapter. Although "dwelling" is not defined in § 943.10, the term is defined in another section of this subchapter, entitled criminal trespass to dwellings, as meaning "a *structure or part of a structure* that is used or intended to be used as a home or residence." Wis. Stat. § 943.14(1) (emphasis added). In § 943.10(1m), burglary of a dwelling is linked in subsection (a) to burglary of a building, a linkage that strongly suggests the word "dwelling" means a particular type or subset of a "building or other structure," consistent with the express definition in § 943.14. As the Seventh Circuit reasoned in Edwards, "the phrase 'building or dwelling' in subsection (a) is best understood as . . . providing two examples of enclosed structures." 836 F.3d at 837. We agree. Therefore, Lamb was convicted of generic burglary and properly sentenced under the ACCA.

The judgment of the district court is affirmed.

_____