# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1233

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Daniel Sims

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 10, 2017
Filed: April 27, 2017

_____

Before RILEY, Chief Judge,[1] GRUENDER, Circuit Judge, and SCHREIER,[2]
District Judge.

_____

GRUENDER, Circuit Judge.

───────────────────

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on March 10,
2017.  He has been succeeded by the Honorable Lavenski R. Smith.

[2]The Honorable Karen E. Schreier, United States District Judge for the District
of South Dakota, sitting by designation.

Jason Daniel Sims pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He received an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"), which applies to those felons guilty of possessing a firearm who also have at least three prior convictions for a violent felony or serious drug offense. *See* 18 U.S.C. § 924(e). On appeal, Sims contends that the district court erred in finding that his two prior Arkansas residential burglary convictions qualify as violent felonies because the Arkansas residential burglary offense is categorically broader than generic burglary. We agree and therefore vacate Sims's sentence and remand for resentencing.

The ACCA imposes a fifteen-year mandatory minimum sentence for anyone convicted of unlawfully possessing a firearm who has three or more prior convictions for serious drug offenses or violent felonies. 18 U.S.C. § 924(e)(1). "Burglary" is one of the offenses specifically enumerated as a violent felony under the ACCA. *See id.* § 924(e)(2)(B)(ii). In the ACCA context, the Supreme Court has defined burglary in its "generic" usage as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *See Taylor v. United States*, 495 U.S. 575, 598-99 (1990).

Sims's Pre-Sentence Investigation Report (PSR) indicated that he had several prior felony offenses, including two convictions for serious drug offenses and two Arkansas convictions for residential burglary. The PSR stated that all four convictions qualified as ACCA predicate offenses and thus determined that Sims was subject to a minimum sentence of fifteen years as well as an advisory sentencing guideline enhancement based on his status as an armed career criminal. *See* U.S.S.G. § 4B1.4. Sims conceded that his two convictions for serious drug offenses constituted ACCA predicate offenses but argued that his Arkansas residential burglary convictions did not. He asserted that the Arkansas residential burglary statute was over-inclusive and criminalized conduct that fell outside the generic definition of burglary. *See Taylor*, 495 U.S. at 599.

The district court disagreed with Sims and found his Arkansas residential burglary convictions were ACCA predicate offenses. As a result, Sims's advisory sentencing guidelines range was 188 to 235 months' imprisonment, and the district court imposed a 210-month sentence. On appeal, Sims renews his argument that Arkansas residential burglary is broader than generic burglary and that his convictions do not qualify as ACCA predicate offenses.

Under Arkansas law, "[a] person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201(a)(1). A "'[r]esidential occupiable structure' means a vehicle, building, or other structure: (i) [i]n which any person lives; or (ii) [t]hat is customarily used for overnight accommodation of a person whether or not a person is actually present." *Id.* § 5-39-101(4)(A). The Government concedes that the Arkansas residential burglary statute's listed items are separate means of satisfying a single locational element. *See Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016) ("'Elements' are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction. . . . [M]eans . . . spell[] out various factual ways of committing some component of the offense . . . ." (citations and quotations omitted)). Thus, "we apply the 'categorical approach,' under which we 'look only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2014) (en banc) (quoting *Taylor*, 495 U.S. at 602). In short, Sims's Arkansas residential burglary convictions will qualify as generic burglaries—and thus serve as ACCA predicates—"only if the statute's elements are the same as, or narrower than, those of the generic offense." *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). We review the question of whether a prior conviction qualifies as an ACCA predicate *de novo*. *United States v. Thornton*, 766 F.3d 875, 878 (8th Cir. 2014).

Sims's central contention is that generic burglary's "building or structure" element does not encompass vehicles, and thus, the Arkansas residential burglary statute sweeps more broadly than generic burglary. The Supreme Court has clearly stated that "[t]he [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), *not in a boat or motor vehicle.*" *Shepard v. United States*, 544 U.S. 13, 15-16 (2005) (emphasis added). In *Mathis v. United States*, the Court considered an Iowa burglary statute that all parties agreed criminalized more conduct than generic burglary. 136 S. Ct. at 2250. The Iowa statute made it a crime to burgle "any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value." *See* Iowa Code Ann. § 702.12; *Mathis*, 136 S. Ct. at 2250. The Supreme Court agreed that the Iowa burglary statute was over-inclusive for the simple reason that the burglary statute "reache[d] . . . *land, water, or air vehicle[s].*" *Mathis*, 136 S. Ct. at 2250 (emphasis in original). Thus, the Court determined that convictions under the Iowa burglary statute could not serve as ACCA predicate offenses. *Id.* at 2257.

The Government responds that while the burglary of vehicles does not constitute generic burglary, the Arkansas residential burglary statute applies only to vehicles "[i]n which any person lives" or "[t]hat [are] customarily used for overnight accommodation," *see* Ark. Code Ann. § 5-39-101(4)(A), and therefore, Arkansas residential burglary criminalizes conduct that is "the same as, or narrower than . . . the generic offense," *see Descamps*, 133 S. Ct. at 2281. The Government's argument is not an unreasonable one as this issue has divided circuit courts. *Compare United States v. Spring*, 80 F.3d 1450, 1461-62 (10th Cir. 1996) (holding burglary of vehicles "adapted for the overnight accommodation of persons" constitutes generic burglary) (cited approvingly in *United States v. Patterson*, 561 F.3d 1170, 1173 (10th Cir. 2009), *with United States v. White*, 836 F.3d 437, 444-46 (4th Cir. 2016)

-4-

(concluding a statute criminalizing burglary of "vehicle[s] primarily designed for human habitation and occupancy" sweeps more broadly than generic burglary), *and United States v. Grisel*, 488 F.3d 844, 850-51 (9th Cir. 2007) (en banc) (ruling that burglary of "any booth, vehicle, boat, aircraft, or other structure adapted for overnight accommodation of persons or for carrying on business therein" falls outside generic burglary). We are not, however, writing on a blank slate, as our decision in *United States v. Lamb*, 847 F.3d 928 (8th Cir. 2017), forecloses the Government's argument.

In *Lamb*, we analyzed a Wisconsin statute that criminalized, among other things, the burglary of "[a] motor home or other motorized type of home or a trailer home, whether or not any person is living in such home." *Lamb*, 847 F.3d at 931. We concluded "[w]ithout question, [the statute], viewed as a whole, encompasses a broader range of conduct than generic burglary as defined in *Taylor*, such as burglary of . . . motor homes." *Id.* Wisconsin's statute criminalizing the burglary of a "motor home" is equivalent to Arkansas's residential burglary statute, which criminalizes the burglary of vehicles where people live or that are customarily used for overnight accommodations. *See White*, 836 F.3d at 445-46; *see also Grisel*, 488 F.3d at 851 n.5. And just as it was inconsequential that Wisconsin's statute limited burglary to motor homes, it is inconsequential that Arkansas's statute confines residential burglary to vehicles "[i]n which any person lives" or "[t]hat [are] customarily used for overnight accommodation." Ark. Code Ann. § 5-39-101(4)(A); *see also United States v. Forrest*, 611 F.3d 908, 913 (8th Cir. 2010) (finding a Colorado burglary statute was categorically broader than generic burglary because it covered vehicles adapted for overnight accommodations). We therefore conclude that Arkansas residential burglary categorically sweeps more broadly than generic burglary.

Accordingly, Sims's Arkansas residential burglary convictions do not qualify as ACCA predicate offenses. We thus vacate Sims's sentence and remand for resentencing.

_____