# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4038

_____

United States of America

*Plaintiff - Appellee*

v.

Leon Robinson, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Western Division

_____

Submitted: September 21, 2017
Filed: September 27, 2017
[Unpublished]

_____

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2009, a jury convicted Leon Robinson, Jr. of being a felon in possession of a firearm. The district court concluded he had at least three prior violent felony convictions and sentenced him under the Armed Career Criminal Act (ACCA) to the mandatory minimum fifteen years imprisonment. See 18 U.S.C. § 924(e)(1). After the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), we

authorized Robinson to file a successive 28 U.S.C. § 2255 motion to argue that he should be resentenced because his prior Arkansas residential burglary felony convictions, see Ark. Code Ann. § 5-39-201(a)(1), may no longer be counted as predicate violent felony convictions. The district court ruled that these convictions were predicate ACCA violent felonies and denied § 2255 relief. Robinson appeals.

As the district court recognized, after Johnson invalidated the "residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii), a burglary conviction may be counted only if it was the generic offense of "burglary" enumerated in § 924(e)(2)(B)(ii) -- "an unlawful or unprivileged entry into, or remaining in, *a building or other structure*, with intent to commit a crime," Taylor v. United States, 495 U.S. 575, 598 (1990) (emphasis added). A conviction qualifies only if the statute's elements are the same as, or narrower than, those of generic burglary, an inquiry that must be made using the categorical approach. See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

The Arkansas statute defines "[r]esidential occupiable structure" to mean "a vehicle, building, or other structure: (i) [i]n which any person lives; or (ii) [t]hat is customarily used for overnight accommodation of a person whether or not a person is actually present." Ark. Code Ann. § 5-39-101(4)(A). A "vehicle" is not, or at least usually is not, "a building or other structure," one element of the definition of generic burglary in Taylor. Thus, the issue is whether a statute limiting the inclusion of vehicles to those that are "customarily used for overnight accommodation of a person" brings the Arkansas residential burglary statute, categorically, within the confines of generic burglary. The district court, noting a conflict in the circuits on this issue and no controlling Eighth Circuit precedent, concluded that the "better reasoned" circuit court opinions include vehicles designed or adapted for overnight accommodation of persons within the Supreme Court's definition of generic burglary and denied § 2255 relief.

-2-

With the case pending on appeal and fully briefed, another panel of this court ruled that an Arkansas residential burglary conviction will not qualify as generic burglary under the ACCA, rejecting the government's contention that generic burglary includes vehicles adapted for overnight accommodations. <u>United States v. Sims</u>, 854 F.3d 1037, 1040 (8th Cir. 2017), <u>reh'g en banc denied</u>, Aug. 3, 2017. After this case was scheduled for oral argument on September 21, 2017, we asked the government to address our recent decision in <u>Sims</u>. The government instead filed a motion to hold this case in abeyance, explaining that its time to petition the Supreme Court for a writ of certiorari in <u>Sims</u> has not expired. We denied that motion, removed the case from the argument calendar, and now conclude that <u>Sims</u> is controlling Eighth Circuit precedent that our panel must follow unless and until <u>Sims</u> is reversed by the Supreme Court or overruled en banc in a subsequent case.

Accordingly, the judgment of the district court denying Robinson's motion to correct his sentence is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

_____