# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 16-3764

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jonathon Lee Kinney

*Defendant - Appellant*

———————

Appeal from United States District Court
for the District of North Dakota - Fargo

———————

Submitted: October 16, 2017
Filed: April 23, 2018

———————

Before WOLLMAN, BEAM, and SHEPHERD, Circuit Judges.

———————

SHEPHERD, Circuit Judge.

Jonathon Kinney pled guilty to one count of possession of a firearm by a convicted felon and one count of possession of ammunition by a convicted felon, both in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). Pursuant to 18 U.S.C. § 924(e)(1) and 924(e)(2)(B)(ii) of the Armed Career Criminal Act (ACCA), the district court sentenced Kinney as an armed career criminal based on four previous

convictions for accomplice to burglary under North Dakota law. Because we find that the North Dakota statute of conviction is indivisible and criminalizes more than the definition of "burglary" under federal law, we reverse and remand for resentencing.

## I. Discussion

Kinney argues that the North Dakota burglary statute is both indivisible and overbroad, thereby precluding convictions under that statute from serving as ACCA predicates. The government responds, asserting that a conviction under the statute categorically qualifies as a violent felony or, alternatively, that the statute is divisible and application of the modified categorical approach shows that Kinney was convicted of a crime matching the generic definition of burglary under federal law. "We review de novo a district court's finding that a defendant's prior conviction constitutes a violent felony for purposes of the ACCA." United States v. Lindsey, 827 F.3d 733, 738 (8th Cir.), cert. denied, 137 S. Ct. 413 (2016).

## A. The ACCA Framework

Under the ACCA, a defendant is subject to a fifteen-year mandatory minimum sentence if he or she is convicted of being a felon in possession of a firearm and has three prior convictions for a violent felony. 18 U.S.C. § 924(e)(1). A "violent felony" includes any state or federal felony that "is burglary, arson, or extortion." § 924(e)(2)(B)(ii). "In listing th[e]se crimes, . . . Congress referred only to their usual or . . . generic version—not to all variants of the offenses." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). Therefore, as it pertains to burglary, "Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" Id. (alteration in original) (quoting Taylor v. United States, 495 U.S. 575, 598 (1990)).

"To determine whether a prior conviction is for generic burglary . . . courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Id. "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." Id. (internal quotation marks omitted). Means, "by contrast, are mere real-world things—extraneous to the crime's legal requirements. . . . They are circumstance[s] or event[s] having no legal effect [or] consequence: In particular, they need neither be found by a jury nor admitted by a defendant." Id. (alterations in original) (internal quotation marks omitted).

Where a statute lists only a single set of elements, the statute is indivisible and the standard categorical approach must be used. See id. at 2248-49. This is true even if the statute lists several alternative factual means for committing a single crime. Id. at 2249. The Iowa statute at issue in Mathis, for example, criminalized burgling "'any building, structure, *[or] land, water, or air vehicle*.'" Id. at 2250 (alterations in original) (quoting Iowa Code § 702.12). Because Iowa courts had interpreted the statute as presenting alternative means for committing the single crime of burglary and clarified that a jury need not agree on which of the means was present in a particular case, the United States Supreme Court concluded the statute was indivisible. Id. at 2253. "In short, the statute defines one crime, with one set of elements, broader than generic burglary—while specifying multiple means of fulfilling its locational element, some but not all of which (*i.e.*, buildings and other structures, but not vehicles) satisfy the generic definition." Id. at 2250; see also Descamps v. United States, 133 S. Ct. 2276, 2285-86 (2013) (holding as indivisible a California burglary statute which prohibited the lawful or unlawful entering of a place with the intent to steal).

Accordingly, "[t]he first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means."

Mathis, 136 S. Ct. at 2256. This inquiry should be resolved by looking to "authoritative sources of state law." Id. Where "a state court decision definitively answers the question . . . a sentencing judge need only follow what it says." Id. Additionally, the express language of the statute may indicate that alternatively phrased items are elements "[i]f statutory alternatives carry different punishments" or if the statute itself identifies "which things must be charged." Id. Finally, if these authoritative sources fail to provide a clear answer, judges are allowed a "peek" at "the record of the prior conviction itself." Id. at 2256-57 (internal quotation marks omitted). The Mathis Court hypothesized that where a specific count in "an indictment and correlative jury instruction[] charge a defendant with burgling a 'building, structure, or vehicle,'" this would be "as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt." Id. at 2257.

## B. North Dakota Law

We therefore turn to North Dakota law to discern whether the statute of conviction is (1) overinclusive and (2) divisible or indivisible. At the time of Kinney's conviction in 1999, the burglary statute at issue read as follows:

> A person is guilty of burglary if he willfully enters or surreptitiously remains in a building or occupied structure, or a separately secured or occupied portion thereof, when at the time the premises are not open to the public and the actor is not licensed, invited, or otherwise privileged to enter or remain as the case may be, with intent to commit a crime therein.

N.D. Cent. Code § 12.1-22-02 (1999). An "occupied structure" is defined as "a structure or vehicle":

> a. Where any person lives or carries on business or other calling; or

-4-

b. Which is used for overnight accommodation of persons.
c. Any such structure or vehicle is deemed to be "occupied" regardless of whether a person is actually present.

N.D. Cent. Code § 12.1-22-06(4) (1999).

Looking only at this text, the statute's overbreadth is apparent. By including both structures and vehicles within its reach, the statute criminalizes more conduct than the generic version of the offense. See Shepard v. United States, 544 U.S. 13, 15-16 (2005) ("The A[CCA] makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle."). The government argues against this conclusion by asserting that North Dakota's decision to limit the statute only to vehicles used for living or business purposes brings the statute in line with the generic offense. We disagree. In United States v. Sims, 854 F.3d 1037 (8th Cir. 2017), we dealt with burglary under Arkansas law, and the Arkansas statute—like the North Dakota statute at issue here—applied to vehicles "'[i]n which any person lives' or '[t]hat [are] customarily used for overnight accommodation.'" Id. at 1040 (alterations in original) (quoting Ark. Code Ann. § 5-39-101(4)(A)). As in this case, the government asserted in Sims that this limitation saved the statute. Id. But we rejected this contention, adopting the conclusion reached in United States v. Lamb, 847 F.3d 928 (8th Cir. 2017), that "'[w]ithout question, [the statute], viewed as a whole, encompasses a broader range of conduct than generic burglary as defined in Taylor, such as burglary of . . . motor homes.'" Sims, 854 F.3d at 1040 (first, second, and fourth alterations in original) (quoting Lamb, 847 F.3d at 931). Accordingly, convictions under N.D. Cent. Code § 12.1-22-02 (1999) cannot categorically qualify as violent felonies under the ACCA.

This appeal therefore turns on whether the statute is divisible. Specifically, we must address whether the phrase "building or occupied structure" denotes two factual means of committing the single offense of burglary or whether the alternative

locations are elements under North Dakota law. Kinney argues that the structure of the statute, North Dakota jury instructions, and available charging documents all show that the alternative terms are means. In response, the government points to the disjunctive phrasing of the statute, contending this is decisive.[1]

North Dakota law—our first stop in answering this means/elements inquiry—provides no clear guidance. See Mathis, 136 S. Ct. at 2256. Neither party directs the court to controlling or persuasive state court precedent, and we have found none on our own. The language of the statute likewise does little to guide us. The alternatives do not "carry different punishments," which may indicate that the terms are means, but the statute does not identify "which things must be charged." Id.

Because these authoritative sources fail to provide an answer, we are allowed a "peek" at "the record of the prior conviction itself . . . for the sole and limited purpose of determining whether [the listed items are] element[s] of the offense." Id. at 2256-57 (second and third alterations in original) (internal quotation marks omitted). We have in our record indictments from two of Kinney's prior convictions, and each charges Kinney with burgling "a building or occupied structure." The indictments "thus reiterat[e] all the terms of [North Dakota's] law," and "[t]hat is as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt." Id. at 2257. Given that the alternatives are means, the statute is indivisible. Because the statute is both overbroad and indivisible, Kinney's prior convictions cannot serve as predicate felonies under the ACCA.

---

[1]Contrary to the government's position, the en banc court recently reiterated that disjunctive phrasing merely triggers the inquiry into whether the alternatively phrased items are means or elements. See United States v. Naylor, No. 16-2047, slip op. at 3 (8th Cir. April 5, 2018).

## II. Conclusion

For the reasons above, we reverse and remand for resentencing.

_____