# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3122
_____

Ryndale Buckhanan

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: March 13, 2018
Filed: June 15, 2018
[Unpublished]
_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

In 2006, Ryndale Buckhanan pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced him to 188 months imprisonment after finding that Buckhanan had three prior convictions for violent felonies and one prior controlled-substances conviction, thereby qualifying him for the mandatory-minimum sentence found in the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e). Buckhanan filed a motion to reconsider his sentence under 28 U.S.C. § 2255, arguing that three of these convictions—one for residential burglary and two for second-degree robbery—did not qualify as predicate offenses for ACCA purposes in light of the Supreme Court's retroactive decision in Johnson v. United States, 135 S. Ct. 2551 (2015). At some point, it came to light that Buckhanan had only one applicable second-degree robbery conviction because one of the two convictions occurred during his confinement for the current felon-in-possession charge.

Accordingly, he only has three felony convictions that count toward his status as an armed career criminal on the 2006 felon-in-possession charge, all of which are under the laws of Arkansas: (1) possession of a controlled substance with intent to distribute, (2) second-degree robbery, and (3) residential burglary. As the government concedes, we held in United States v. Sims, 854 F.3d 1037, 1040 (8th Cir. 2017), cert. granted, 138 S. Ct. 1592 (2018), that "Arkansas residential burglary convictions do not qualify as ACCA predicate offenses." Buckhanan thus no longer has the required number of prior felony convictions to meet the terms of the ACCA.

We reverse and remand for resentencing.

_____