# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2878
_____

Jamie Nicol Nilsen

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the District of North Dakota - Bismarck
_____

Submitted: June 15, 2018
Filed: July 26, 2018
[Unpublished]
_____

Before KELLY, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jamie Nicol Nilsen appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). In 2012, Nilsen pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and in 2013, he was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1),

based on his prior North Dakota aggravated assault conviction, and two North Dakota burglary convictions under N.D. Cent. Code § 12.1-22-02(1). The district court denied Nilsen's § 2255 motion, concluding that his aggravated assault and burglary convictions still qualified as violent felonies under the ACCA. During the pendency of this appeal, another panel of this court held that North Dakota burglary convictions do not qualify as violent felonies under the ACCA. See United States v. Kinney, 888 F.3d 360, 363–65 (8th Cir. 2018) ("[C]onvictions under N.D. Cent. Code § 12.1-22-02 . . . cannot categorically qualify as violent felonies under the ACCA."), reh'g denied, No. 16-3764 (8th Cir. July 6, 2018) (unpublished order). "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (quoting Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002)). Accordingly, the judgment of the district court is reversed and this case is remanded to the district court for further proceedings.

ARNOLD, Circuit Judge, concurring.

I concur fully in the per curiam opinion, but write separately to make a point not raised by this appeal, namely, that the North Dakota burglary statute, N.D. Cent. Code § 12.1-22-02, is divisible on its face. The statute proscribes a class C felony offense, *see* § 12.1-22-02(1), and a class B felony offense, *see* § 12.1-22-02(2). Since those offenses carry different punishments, *see* N.D. Cent. Code § 12.1-32-01(3), (4), they are different offenses, instead of different means of committing a single offense. *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).

In *United States v. Kinney*, 888 F.3d 360 (8th Cir. 2018), we asserted that "convictions under N.D. Cent. Code § 12.1-22-02 . . . cannot categorically qualify as violent felonies under the ACCA." *Id.* at 364. But we could not have meant that both subsections of the statute are overbroad since *Kinney* never even looked at the second subsection. We considered only whether the class C burglary offense in N.D. Cent.

Code § 12.1-22-02(1) is indivisible and overbroad: We did not mention the narrower class B burglary offense(s) in § 12.1-22-02(2). In *Kinney*, moreover, we applied the categorical approach only to the phrase "building or occupied structure" in subsection (1) of the statute. *See id.* We did not evaluate subsection (2) and had no reason to do so. Kinney's North Dakota burglary convictions were only of the class C offense, and the arguments on appeal focused only on subsection (1). Though *Kinney* speaks broadly, we need to read it in the context of the issue it addressed and decided and ought to interpret its holding as being restricted to that issue. *See German All. Ins. Co. v. Home Water Supply Co.*, 226 U.S. 220, 234 (1912).

In an appropriate future case, in other words, I believe parties are free to raise the issue of whether N.D. Cent. Code § 12.1-22-02(2) is indivisible or overbroad.

_____