# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40958

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR VIRGILIO PERDOMO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

JAMES E. GRAVES, Jr., Circuit Judge:

Oscar Virgilio Perdomo (Perdomo) pleaded guilty to illegal reentry following deportation. On appeal, Perdomo argued that the district court erred by entering a judgment reflecting that he was convicted under 8 U.S.C. § 1326(b)(2) rather than § 1326(b)(1).[1] Perdomo maintained he did not have a qualifying conviction for an aggravated felony because his prior conviction in

---

[1] Section 1326(b)(2) subjects an alien to a maximum term of imprisonment of 20 years if his prior removal was after a conviction for an aggravated felony. Section 1326(b)(1) subjects an alien to a maximum 10 years of imprisonment if he was removed after conviction of certain misdemeanors or of a non-aggravated felony.

No. 15-40958

Arkansas for residential burglary did not qualify as the enumerated offense of burglary under 8 U.S.C. § 1101(a)(43)(G), nor did it qualify under § 1101(a)(43)(F)'s definition of aggravated felony, which incorporated the "crime of violence" definition from 18 U.S.C. § 16. Perdomo argued that Arkansas residential burglary did not have as an element the "use of force" required under § 16(a), and that § 16(b) was unconstitutional on its face. Because at the time we first considered Perdomo's argument *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *cert. granted, judgment vacated*, 138 S. Ct. 2668 (2018) compelled a determination that § 16(b) was not unconstitutionally vague, we affirmed Perdomo's judgment on that basis and did not address Perdomo's other arguments.

Perdomo petitioned for review before the Supreme Court, who subsequently issued its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), holding that § 16(b) was unconstitutionally vague and abrogating *Gonzalez-Longoria*. The Supreme Court then granted Perdomo's petition, vacated this court's judgment, and remanded the case for further consideration in light of *Dimaya*.

On remand, the parties' filed a joint 28j letter, agreeing that in light of *Dimaya*, Perdomo's prior conviction for residential burglary in Arkansas is not a qualifying aggravated felony under § 1101(a)(43)(F) as it does not have the requisite element of force under § 16(a) and § 16(b) is no longer constitutional in this context. The parties alerted us that the remaining issue in this matter—whether Arkansas' residential burglary offense qualifies as a generic "burglary offense" under § 1101(a)(43)(G)—was being squarely addressed in a separate case before the Supreme Court, *United States v. Sims*, 854 F.3d 1037 (8th Cir. 2017), cert. granted, 138 S.Ct. 1592 (2018), and that the resolution of *Sims* would fully resolve the issue in this case. The parties agreed that if the issue were resolved "against" Perdomo, the district court's judgment should be

affirmed; however, if the issue were resolved in Perdomo's favor, the case should be remanded to the district court for reformation of the judgment. They requested we hold this case in abeyance pending the resolution of *Sims*.

We complied, and the Supreme Court subsequently issued its opinion in *United States v. Stitt*, 139 S.Ct. 399 (2018), holding that Arkansas residential burglary "falls within the scope of generic burglary's definition." 139 S.Ct. at 406. Because the Supreme Court's decision renders Perdomo's conviction an aggravated felony, we AFFIRM the district court's judgment.