# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2626
_____

United States of America

*Plaintiff - Appellee*

v.

Devonte Darnell Holston

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: November 7, 2018
Filed: July 15, 2019
[Unpublished]
_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Following a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), the district court sentenced Devonte Holston to 180 months imprisonment, finding that he qualified for the mandatory minimum imposed by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Holston's armed career criminal classification was based on three prior convictions in

Wisconsin state court for burglary of a building or dwelling, in violation of Wis. Stat. § 943.10(1m)(a), which the district court determined qualified as predicate violent felonies. Holston appealed, arguing these convictions could not serve as predicate offenses for the purposes of the ACCA because two of his offenses were committed on the same occasion and because § 943.10(1m)(a) listed alternative means, rather than elements, and did not meet the generic definition of burglary so as to qualify as a violent felony under § 924(e)(2)(B).

On August 24, 2018, we entered an opinion affirming Holston's sentence, holding that the two challenged convictions involved offenses committed on separate occasions and that the burglary statute under which Holston was convicted met the generic definition of burglary and was thus a violent felony. Our decision on the latter point was controlled by United States v. Lamb, 847 F.3d 928, 932, 934 (8th Cir. 2017) (holding that § 943.10(1m)(a) fit within the generic definition of burglary and thus qualified as a violent felony), which Holston conceded controlled the issue.

We subsequently granted Holston's petition for panel rehearing based on the submission of a certified question to the Wisconsin Supreme Court by the Seventh Circuit in United States v. Franklin, 895 F.3d 954 (7th Cir. 2018) (per curiam), regarding whether burglary under § 943.10(1m)(a) identified alternative elements of burglary or identified alternative means of committing burglary. The Wisconsin Supreme Court has now answered this certified question, holding that the statute provides alternative means of committing one element of the crime of burglary. See Franklin v. United States, 928 N.W.2d 545 (Wis. 2019).

Given the recent changes in the legal landscape, we now consider anew Holston's challenge to his ACCA classification. "We review de novo the district court's determination of whether [Holston]'s criminal record qualified him as an Armed Career Criminal." United States v. Willoughby, 653 F.3d 738, 741 (8th Cir. 2011). Where a statute lists alternatively phrased items, the determination of whether

it lists elements or means is a matter of state law, and we look to "authoritative sources of state law[,]" like "a state court decision [that] definitively answers the question[.]" Lamb, 847 F.3d at 931 (alteration in original) (quoting Mathis v. United States, 136 S. Ct. 2243, 2256 (2016)).  And where a state court answers a question of state law contrary to a previous decision of our Court, we no longer follow the previous panel decision.  See Neidenbach v. Amica Mut. Ins. Co., 842 F.3d 560, 566 (8th Cir. 2016) ("[A]bsent an intervening opinion by a [state] court, we are bound by a prior panel's interpretation of state law." (second alteration in original) (internal quotation marks omitted).  In Franklin, the Wisconsin Supreme Court has provided a decision that definitively answers the question; however, that answer is in conflict with our Court's previous decision in Lamb.  Because  Franklin is an "intervening opinion by a [state] court," see id., we are no longer bound to follow Lamb's holding.

Based on the Wisconsin Supreme Court's determination that § 943.10(1m)(a) provides various means of committing one element of the burglary offense, we conclude that the definition of burglary in this section is broader than the generic definition of burglary for the purposes of the ACCA.  Holston's convictions under § 943.10(1m)(a) therefore do not qualify as violent felonies under the ACCA.  We vacate Holston's sentence and remand for resentencing without application of the ACCA.[1]

_____

---

[1]The government concedes in a Rule 28(j) letter, filed June 21, 2019, that the sentence should be vacated and the case remanded for resentencing without the ACCA based upon the Wisconsin Supreme Court's opinion in Franklin.