United States Court of Appeals

For the Eighth Circuit

_____

No. 17-2758

_____

United States of America

*Plaintiff - Appellee*

v.

Vernon Montrell Webster, also known as Webster Connell Spunky, Jr., also known as Tracy Connell Webster, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: November 8, 2019
Filed: November 21, 2019
[Unpublished]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Vernon Webster pleaded guilty to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and he received an enhanced sentence as an armed career criminal, *see id.* § 924(e). We affirmed his sentence, despite his argument that his three prior Wisconsin convictions for burglary under Wis. Stat. § 943.10(1m) did not

qualify as violent felonies under the Armed Career Criminal Act ("ACCA"), on the authority of *United States v. Lamb*, 847 F.3d 928 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 1438 (2018), in which we held that an identical burglary conviction qualified as a violent felony under the ACCA. *See United States v. Webster*, 730 F. App'x 396 (8th Cir. 2018) (*per curiam*). Webster then petitioned the Supreme Court for a writ of *certiorari*, which granted it, vacated our judgment, and remanded the case to us with instructions to reconsider the matter in light of *United States v. Franklin*, 2019 WI 64, 387 Wis. 2d 259, 928 N.W.2d 545. *See Webster v. United States*, 589 U.S. ---, 2019 WL 4921146 (Oct. 7, 2019).

The parties agree, as we have already recognized, that *Lamb* is no longer good law following *Franklin*. *See United States v. Holston*, 773 F. App'x 336, 337 (8th Cir. 2019) (*per curiam*). In light of *Franklin*, they also agree that the Wisconsin burglary statute under which Webster was convicted is broader than generic burglary under the ACCA. Thus, these convictions "do not qualify as violent felonies under the ACCA." *See id.* The Government "agrees that the case should be remanded to the district court for resentencing" without the ACCA enhancement.

Accordingly, we vacate Webster's sentence and remand for resentencing without application of the ACCA.

LOKEN, Circuit Judge, concurring.

*United States v. Holston* is an unpublished opinion that is not controlling precedent, and I believe it was wrongly decided. However, as the government agrees this case should be remanded for resentencing, I concur.

_____