In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3769

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARVIN L. BENNETT,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:13-CR-00078-TLS-SLC-1 — **Theresa L. Springmann**, *Chief Judge*.

ARGUED APRIL 25, 2017 — DECIDED JULY 12, 2017

Before POSNER, KANNE, and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. Marvin Bennett, the defendant and appellant in this case, pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Ordinarily the maximum punishment for that crime is 120 months (10 years) in prison. See 18 U.S.C. § 924(a)(2). But the Armed Career Criminal Act (ACCA, as it's usually called), 18 U.S.C. § 924(e), ordains a minimum sentence of 180 months (15 years) in prison for persons who violate section 922(g)(1) af-

ter having accumulated three or more convictions for committing a "violent felony." Bennett, the defendant-appellant in this case, pleaded guilty to having violated section 922(g)(1), and his plea agreement provided that he would be sentenced to 180 months. But before his sentencing hearing Bennett argued that one of his three previous convictions—the conviction for violating an Indiana law that punishes resisting law enforcement, Ind. Code § 35-44-3-3—is not a crime of violence. (Section 35-44-3-3 has since been recodified in largely the same form as section 35-44.1-3-1, but all references here are to the version of the statute in effect at the time of Bennett's offense.) The district judge disagreed and sentenced him to 180 months in prison, precipitating this appeal. Bennett's plea agreement waived his rights to appeal, but the government has agreed not to enforce the waiver. See *Nunez v. United States*, 546 F.3d 450, 452 (7th Cir. 2008).

A "violent felony," so far as pertains to this case, is a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Subsection (a) of the Indiana statute cited in the preceding paragraph provides that—

"A person who knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties;

(2) forcibly resists, obstructs, or interferes with the authorized service or execution of a civil or criminal process or order of a court; or

(3) flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop;

commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b)."

None of these offenses need involve a use, attempted use, or threatened use of physical force against anyone; none are felonies; violation of the statute is merely a misdemeanor. And so had Bennett violated only section 35-44-3-3(a), he would not be subject to the mandatory 180-month sentence for being a felon in possession of a firearm who had accumulated three or more convictions of committing a violent felony.

The district judge, however, emphasized subsection (b)of Ind. Code § 35-44-3-3, where we read that:

"The offense under subsection (a) is a:

(1) Class D felony if:

(A) the offense is described in subsection (a)(3) and the person uses a vehicle to commit the offense; or

(B) while committing any offense described in subsection (a), the person draws or uses a deadly weapon, inflicts bodily injury on or otherwise causes bodily injury to another person, or operates a vehicle in a manner that creates a substantial risk of bodily injury to another person;

(2) Class C felony if, while committing any offense described in subsection (a), the person operates a vehicle in a manner that causes serious bodily injury to another person;

(3) Class B felony if, while committing any offense described in subsection (a), the person operates a vehicle in a manner that causes the death of another person; and

(4) Class A felony if, while committing any offense described in subsection (a), the person operates a vehicle in a manner that causes the death of a law enforcement officer while the law enforcement officer is engaged in the officer's official duties."

Bennett had been prosecuted for "inflict[ing] bodily injury on or otherwise caus[ing] bodily injury to another person"—an offense defined in subsection (b)(1) of Ind. Code § 35-44-3-3—in the course of committing an offense (resisting arrest) described in subsection (a). That conduct, the judge concluded, made Bennett guilty of having committed a violent felony within the meaning of ACCA.

But "inflict[ing] bodily injury on or otherwise caus[ing] bodily injury to another person," as defined by the Indiana courts, need not connote violence. In *Whaley v. State*, 843 N.E.2d 1, 5, 10–11 (Ind. App. 2006), the Court of Appeals of Indiana held that a suspect who had "put his arms underneath his body to prevent the deputies from handcuffing him" had inflicted bodily injury on the deputies because the deputies had injured their hands by hitting the suspect's forearms to bring his arms behind his back to handcuff him. Suppose a person is handcuffed by a police officer, tugs in

the hope of squeezing his hands through the cuffs, and accidentally causes the officer to trip and fall as a result of the tugs. The person's effort thereby to avoid arrest would be resisting law enforcement, but would not be considered violent or even threatening under 18 U.S.C. § 924(e)(2)(B)(i). The government has failed in this case to prove a *violent* felony.

It remains to consider the bearing of the distinction emphasized in recent cases, notably *Mathis v. United States*, 136 S. Ct. 2243 (2016), between a statute that creates multiple offenses by listing alternative elements of a crime and one that creates a single offense that can however be committed by different means. The government argues that subsection (b)(1)(B) of Ind. Code § 35-44-3-3 creates three separate offenses. But even if that is true, the offense of which Bennett was convicted is not a violent felony, so the statutory maximum sentence for the crime to which he plead guilty is 120 months. The sentence to which he plead—180 months—exceeds the statutory maximum, which is a ground to vacate the plea. See *United States v. Gibson*, 356 F.3d 761 (7th Cir. 2004). The judgment of the district court is therefore reversed, the plea vacated, and the case remanded to that court for further consideration.

REVERSED, VACATED, AND REMANDED.