In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 16-1580 & 16-1872

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DENNIS FRANKLIN & SHANE SAHM,

*Defendants-Appellants.*

Appeals from the United States District Court for the
Western District of Wisconsin.
Nos. 3:14-CR-00128 & 3:15-CR-00110 — **James D. Peterson**, *Chief Judge.*

ARGUED APRIL 25, 2017 — DECIDED FEBRUARY 26, 2018

Before POSNER,* KANNE, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* These consolidated appeals represent another application of the "categorical approach" for applying recidivist statutes. The specific question in these appeals is whether convictions under a portion of the Wisconsin

---

* Circuit Judge Posner retired on September 2, 2017, and did not participate in the decision of this case, which is being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

burglary statute, Wis. Stat. § 943.10(1m)(a), qualify as convictions for violent felonies under the federal Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The outcome of these appeals depends on whether the Wisconsin statute is "divisible" or not, which depends in turn on the sometimes slippery distinction between a crime's "elements" and "means." In short, if the burglary statute is divisible, then we must affirm; if it is not divisible, we must reverse. We find that the statute is divisible, so we affirm.

I.   *Factual and Procedural Background*

Both defendants in these consolidated appeals, Dennis Franklin and Shane Sahm, pleaded guilty to possessing a firearm as a felon. See 18 U.S.C. § 922(g)(1). The district court found that both men had three prior burglary convictions that were violent felonies under the ACCA. The court therefore sentenced them both to the mandatory minimum of fifteen years in prison. See § 924(e)(1). On appeal, Franklin and Sahm contend that their prior convictions for burglary in Wisconsin are not violent felonies under the ACCA so their sentences could be no more than ten years in prison.

Franklin was convicted of being a felon in possession of a firearm. On Thanksgiving Day in 2014, Madison police responded to a report of a residential burglary in progress and arrested Franklin at the scene. When searching the area, police found a gun that Franklin had hidden nearby. Franklin pleaded guilty to possessing a gun unlawfully. See 18 U.S.C. § 922(g)(1).

A probation officer recommended in the presentence report that Franklin be sentenced as an armed career criminal. See 18 U.S.C. § 924(e). The report explained that he had at

least three convictions for violent felonies under the statute: armed burglary in 1994, two burglaries and an attempted burglary in 2001, and burglary in 2003, all in Wisconsin. Franklin argued that he should not be sentenced as an armed career criminal because Wisconsin's burglary statute is broader than the generic crime of burglary under the ACCA. The district court ruled that Franklin was an armed career criminal and imposed the mandatory minimum 180-month sentence.

Sahm's story is similar. He stole three guns and sold them. Sahm too was a convicted felon, and he was also charged with and pleaded guilty to possessing a firearm as a felon. See 18 U.S.C. § 922(g)(1). Sahm had three relevant prior convictions: burglary in 1997, and two burglaries in 2008, all in Wisconsin for burglarizing "a building or dwelling." See Wis. Stat. § 943.10(1m)(a). Sahm argued that his burglary convictions were not for "generic burglary" and thus should not count as violent felonies under the ACCA. The district court disagreed and imposed the mandatory minimum 180-month sentence.

II. *Analysis*

The framework for our analysis is familiar because of the volume of similar cases. Under the ACCA, a conviction for "burglary" counts as a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). In *Taylor v. United States*, 495 U.S. 575, 598 (1990), the Supreme Court held that the federal statute requires a conviction for "generic burglary," which is defined, regardless of labels under state law, as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." In evaluating a conviction under the ACCA definition, *Taylor* further explained, a sentencing court must use the "categorical approach," which focuses on the elements of the statutory offense, not the

particular facts of the defendant's crime. *Id*. at 601–02. Thus, if a state burglary statute is broader than "generic burglary" by applying, for example, to unlawful entries into vehicles as well as buildings or structures, then a conviction does not count under the ACCA definition even if the defendant in fact committed the prior offense by unlawfully entering a building. E.g., *Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016); see also *Descamps v. United States*, 570 U.S. 254, 261 (2013) (conviction under California burglary statute that did not require unlawful entry did not count as violent felony under ACCA).

So we look to the Wisconsin burglary statute. It provides as follows:

Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class F felony:

(a) Any building or dwelling; or

(b) An enclosed railroad car; or

(c) An enclosed portion of any ship or vessel; or

(d) A locked enclosed cargo portion of a truck or trailer; or

(e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or

(f) A room within any of the above. [1]

---

[1] In 2004 the Wisconsin burglary statute was renumbered, changing from Wis. Stat. § 943.10(1)(a)–(f) to § 943.10(1m)(a)–(f), but the language remained the same. We use the current numbering to refer to both versions.

Because the Wisconsin statute extends to several types of vehicles, it is broader than "generic burglary" under *Taylor* and the ACCA. That does not end the inquiry, though. If the statute is "divisible" among portions that are within the scope of generic burglary and those that are outside it, then the sentencing court may apply the "modified categorical approach." That allows the court to look at court records to determine whether the defendant was convicted under a portion of the statute within the scope of generic burglary. *Shepard v. United States*, 544 U.S. 13 (2005). If he was, then the conviction may count as a violent felony under the ACCA.

That's how the notion of divisibility takes center stage in these appeals. So how do we decide divisibility? The key is to figure out whether the different locations in the Wisconsin statute signal different elements and thus different crimes (equals divisible) or are merely different means for committing the same crime (equals not divisible).

The most extensive guidance from the Supreme Court on this question appears in *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). "Elements" are a crime's "constituent parts," which a jury must find beyond a reasonable doubt or a defendant must admit when pleading guilty. "Means" are extraneous to the crime's constituent parts; they are different factual scenarios that do not create legal consequences. *Id.* A crime counts as "burglary" and thus as a violent felony under the ACCA if its elements—not the means of satisfying the elements—are the same as or narrower than the generic definition of burglary. *Id.* We review *de novo* whether a prior conviction qualifies as a violent felony. *United States v. Duncan*, 833 F.3d 751, 753 (7th Cir. 2016).

*Mathis* explains that some signals for determining whether a statute lists separate offense elements or alternative means of fulfilling an element are obvious. First, any ruling from the state supreme court on the means v. elements question is dispositive, as it was in *Mathis* itself. 136 S. Ct. at 2256. In this case, though, the Supreme Court of Wisconsin has not addressed the issue.

Second, the statute on its face may resolve the issue. For example, if the alternatives carry different punishments, they are elements of different crimes, *id.*, but that is not the case here. On the other hand, if the statute "offer[s] illustrative examples," then it lists means of committing the crime. *Id.* (internal quotation marks omitted). The Wisconsin burglary statute does not use such language. The statute could also "itself identify which things must be charged (and so are elements) and which need not be (and so are means)." *Id.*

Third, if the question is still unresolved, a court may "peek" at "the record of a prior conviction itself"—such as indictments and jury instructions. *Id.* at 2256–57. If the documents charge the alternatives collectively, they may be means, but if they charge one alternative to the exclusion of others, they are likely elements. *Id.*

We recently applied *Mathis* to just one subsection of Wisconsin's burglary statute in *United States v. Edwards*, 836 F.3d 831, 838 (7th Cir. 2016), where we held that a prior burglary conviction for violating § 943.10(1m)(a), the first subsection, did not count as a "crime of violence" under the Sentencing Guidelines. See U.S.S.G. § 4B1.2(a). At the time, the Guidelines included burglary only of a "dwelling," not burglary of other buildings, as a crime of violence. (In this way, the old

guideline definition differed from the generic burglary definition used under the ACCA.) The first subsection of the Wisconsin statute, which covers burglary of "any building or dwelling," is too broad to qualify as a crime of violence under the older guideline definition unless the subsection itself is divisible.

We held in *Edwards* that subsection (a) is not divisible, explaining that the structure of the entire burglary statute and the phrasing of the subsections indicate that any particular subsection is not divisible. See 836 F.3d at 837–38. That holding in *Edwards* does not answer the question before us. First, subsection (a) covering burglary of "any building or dwelling" fits within the definition of generic burglary under the ACCA, which refers to "a building or other structure." Second, the issue here is whether the Wisconsin burglary statute *as a whole* is divisible among its subsections, not whether a particular subsection itself is divisible.

In the absence of a definitive holding from the Wisconsin Supreme Court, we start, as we did in *Edwards*, with the statute's text and structure. In the statute, all burglary crimes are classified as "Class F" felonies, meaning that the subsections carry the same punishment and thus are not necessarily distinct elements. The statute opens by defining those crimes as entering without consent "any of the following places" and with intent either to steal or commit a felony, and then has six subsections enumerating locations. These subsections cover dwellings, railroad cars, ships, mobile homes, and cargo portions of trucks. The last subsection, § 943.10(1m)(f), is a little different, covering "a room within any of the above" locations, so it overlaps each of the other subsections.

We put aside subsection (f) for these appeals since they present no issue under it. We conclude that the remaining subsections in § 943.10(1m) are distinct and divisible. Each subsection can be delineated from the others (i.e., buildings, railroad cars, ships, motor homes, cargo portions of trucks). The alternatives within each subsection overlap a great deal (i.e., building v. dwelling, ship v. vessel, truck v. trailer, motor home v. trailer home). As a result, we are not concerned as we were in *Edwards* that a prosecutor could charge two burglary counts under different subsections for one act. One might conceive of *some* overlap between subsections at the margins—for example, a houseboat could be both a dwelling and a ship. But we think that the defendants overstate the concern about double-charging. No subsection duplicates another in principle. And the greater variety among the subsections, as compared to within each of them, satisfies us that the subsections signal distinct locations that are intended to be enumerated alternative elements rather than mere "illustrative examples."

As compared to the Iowa burglary statute in *Mathis*, the Wisconsin burglary statute's structure reinforces our conclusion. The Iowa statute applies to burglarizing an "occupied structure" and defines that term in a separate section. See Iowa Code §§ 713.1, 702.12. By contrast, the Wisconsin statute does not use a generic term for the locational element; instead, it enumerates each potential location. This enumeration means that Wisconsin prosecutors usually charge a specific subsection for each burglary offense—something that would be impossible under the Iowa statute. And indeed Wisconsin courts nearly always report the subsection under which the defendant was charged or convicted. See, e.g., *State v. Scruggs*, 891 N.W.2d 786, 789 (Wis. 2017); *State v. Hall*, 193 N.W.2d 653, 654 (Wis. 1972); *State v. Champlain*,

744 N.W.2d 889, 899 (Wis. App. 2007); but see, e.g., *State v. Lichty*, 823 N.W.2d 830, 832 (Wis. App. 2012) (referring to entire section where appeal involved other issues); *State v. Searcy*, 709 N.W.2d 497, 503 (Wis. App. 2005) (same). Wisconsin's pattern jury instructions also tell trial judges that the location (the stand-in term being "building") "must be modified" to reflect which place a defendant burglarized. See Wis. Jury Instructions—Crim. § 1424 & n.2. That form of instruction treats the location as an element.

Another way of considering the problem is to focus on the requirement that all jurors agree on elements, but not necessarily on means. See *Richardson v. United States*, 526 U.S. 813, 817 (1999); *Descamps*, 570 U.S. at 286 (Alito, J., dissenting) ("[I]n determining whether the entry of a building and the entry of a vessel are elements or means, the critical question is whether a jury would have to agree on the nature of the place that a defendant entered."). We have trouble imagining a case in which a jury could convict a Wisconsin defendant of burglary where six jurors were convinced that the defendant burglarized a retail store (a "building" under subsection (a)) while the other six were convinced that he burglarized a motor home parked behind the store (under subsection (e)). But unless a covered location is an element of the crime, as we believe it is, jurors would not need to agree on the nature of the burglarized location, at least among the different subsections.

In *Edwards* we expressed skepticism about *Mathis's* third step of "peeking" at the *Shepard* documents, at least for Wisconsin convictions. We explained that under Wisconsin law the complaint and the information often allege additional facts that do not need to be proved to the jury. *Edwards*, 836 F.3d at 837–38. We also said that plea colloquies may not

be helpful because they may contain unessential factual detail, included only to help the defendant understand the charges. *Id.* at 838. But we did not lay down an inflexible rule forbidding a court from consulting these documents. We merely urged caution in individual cases. The documents that we have reviewed in this case all tell us that the different subparts were charged and identified specifically in each case, which is consistent with the other signals we have discussed that the locations in different subsections are elements of separate crimes.[2]

Our conclusion that the subsections of the Wisconsin burglary statute are elements of different crimes is consistent with the Eighth Circuit's recent conclusion that the Wisconsin burglary statute is a "textbook example" of a statute with different crimes and elements, not just different means. *United States v. Lamb*, 847 F.3d 928, 932 (8th Cir. 2017), petition for cert. filed, No. 17-5152 (July 12, 2017), quoting *United States v. Jones*, No. 04–362, 2016 WL 4186929, at *3 (D. Minn. Aug. 8, 2016). The Eighth Circuit recognized, as we have, that the Wisconsin precedent and practice of reporting the subsection under which a defendant is convicted supports the conclusion that the subsections are distinct elements. *Lamb*, 847 F.3d at 932.[3]

---

[2] The parties have debated at some length the legislative history of amendments to the burglary statute, see generally Minutes of Wis. Legislative Council, Criminal Code Advisory Comm., June 5, 1954, at 15–16 & July 23–24, 1954, at 7, 9, 11, but we find no reliable signals concerning the issue before us.

[3] In *Lamb* the Eighth Circuit cited a decision from the Supreme Court of Wisconsin on a sexual-assault statute. That Wisconsin decision de-

To sum up, we apply *Mathis* to hold that subsection (a) of the Wisconsin burglary statute, § 943.10(1m) is divisible from the other subsections. Because it is divisible, the district court properly used the modified categorical approach to determine that Franklin and Sahm's burglary convictions under § 943.10(1m)(a) for burglaries of buildings or dwellings fell within the definition of generic burglary adopted in *Taylor*. Their prior burglary convictions count as violent felonies under the ACCA. The judgments of the district court are

AFFIRMED.

---

scribed one subsection of the statute as significantly different from the others, and the Eighth Circuit saw this description as "strong evidence" that the Supreme Court of Wisconsin would also consider the burglary subsections as elements. 847 F.3d at 932, citing *State v. Baldwin*, 304 N.W.2d 742, 747 (Wis. 1981). The *Lamb* court cited in a footnote another Supreme Court of Wisconsin decision finding that a child-enticement statute's subsections were part of "one offense with multiple modes of commission." 847 F.3d at 932 n.2, quoting *State v. Derango*, 613 N.W.2d 833, 839 (Wis. 2000). The Eighth Circuit thought that it had "no rational way" to conclude which of these competing cases should control the elements v. means question for the burglary statute. 847 F.3d at 932 n.2. Like the Eighth Circuit, we cannot predict how the Supreme Court of Wisconsin would reconcile these two opposing cases concerning unrelated statutes, so we have not considered them in our analysis.