In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

Nos. 16-1580 & 16-1872

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DENNIS FRANKLIN & SHANE SAHM,

*Defendants-Appellants.*

———————————

Appeals from the United States District Court for the
Western District of Wisconsin.
Nos. 3:14-CR-00128 & 3:15-CR-00110 — **James D. Peterson**, *Chief Judge.*

———————————

SUBMITTED FOR REHEARING APRIL 11, 2018 —
DECIDED JULY 17, 2018

———————————

Before KANNE and HAMILTON, *Circuit Judges.*[*]

PER CURIAM. The defendant-appellants' petition for panel rehearing is GRANTED, and the opinion and judgment issued February 26, 2018, are VACATED. Pursuant to Circuit

———————————

[*] Circuit Judge Posner heard argument but retired on September 2, 2017, and did not participate in the decision of this case. A quorum of the panel continues to hear and decide the case under 28 U.S.C. § 46(d).

Rule 52 and Wis. Stat. § 821.01, we request that the Wisconsin Supreme Court answer a question of Wisconsin law that should control our decision in these appeals of federal sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e). See generally 884 F.3d 331 (7th Cir. 2018) (panel opinion).

The question concerns the location provisions of the Wisconsin burglary statute, which provides as follows:

> Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class F felony:
>
> (a) Any building or dwelling; or
>
> (b) An enclosed railroad car; or
>
> (c) An enclosed portion of any ship or vessel; or
>
> (d) A locked enclosed cargo portion of a truck or trailer; or
>
> (e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or
>
> (f) A room within any of the above.

Wis. Stat. § 943.10(1m).

Our question, see below at 14, is whether the different location subsections (a)–(f) identify alternative *elements* of burglary or instead only identify alternative *means* of committing burglary. See, e.g., *State v. Hendricks*, 379 Wis.2d 549, 565–72,

906 N.W.2d 666, 673–77 (Wis. 2018) (deciding similar question under child enticement statute, Wis. Stat. § 948.07).

The question may seem obscure or even arcanely metaphysical, at least without a fair amount of background information about the federal Armed Career Criminal Act, its reference to burglary convictions, and several related cases. (See below.) But, despite the layers of federal sentencing precedent that frame this issue, this is at bottom a controlling question of *State* criminal law. The answer to this question controls not only the validity of these appellants' federal sentences; it also affects how Wisconsin juries must be instructed, what jurors must agree upon unanimously, and how double jeopardy protections may apply.

I.   *The Armed Career Criminal Act*

The key substantive provision of the Armed Career Criminal Act states:

> In the case of a person who violates section 922(g) of this title [unlawful possession, receipt, shipment, or transportation of firearms] and has *three previous convictions* by any court referred to in section 922(g)(1) of this title for *a violent felony* or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]

18 U.S.C. § 924(e)(1) (emphasis added).

The normal sentence for unlawful possession of a firearm under § 922(g) is a maximum of ten years in prison. See 18 U.S.C. § 924(a)(2). A defendant with three qualifying convic-

tions for violent felonies, however, falls under the § 924(e) enhancement quoted above and faces a mandatory minimum of fifteen years in prison. See *United States v. Bennett*, 863 F.3d 679, 680 (7th Cir. 2017). The maximum becomes life in prison.

What qualifies as a conviction for a "violent felony" under § 924(e)? The statutory definition reads:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year … that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is *burglary*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

A. *"Generic" Burglary and the "Categorical Method"*

So a felony conviction for "burglary" counts toward the three violent felonies that can trigger the severe sentences under the Armed Career Criminal Act.

What counts as a "burglary"? The federal statute contains no specific definition. The Supreme Court of the United States addressed that problem in *Taylor v. United States*, 495 U.S. 575 (1990). State burglary laws vary a great deal: some do not require unlawful entry; others extend the crime to vehicles and even vending machines. *Id.* at 590–91, 599, and 580, citing *United States v. Hill*, 863 F.2d 1575, 1582 n.5 (11th Cir. 1989). *Taylor* held that a State's label of "burglary" does not control.

*Id*. at 590. Instead, *Taylor* adopted a "generic" definition of burglary for purposes of § 924(e): "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id*. at 598.

*Taylor* also decided how federal courts should analyze a State's burglary statute, and that method can be counter-intuitive. *Taylor* held that courts must use a formal "categorical approach" that "look[s] only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602. The categorical approach focuses on "the elements of the statute of conviction, not … the facts of each defendant's conduct." *Id.* at 601. Limiting the inquiry to statutory elements flows from the text of the Armed Career Criminal Act, which "refers to 'a person who … has three previous *convictions*' for—not a person who has *committed*—three previous violent felonies or drug offenses." *Id.* at 600 (emphasis added), quoting 18 U.S.C. 924(e)(1).

*Taylor* added, however, that the sentencing court could "go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary"—such as entry of a building. In this narrow range of cases, the court may look to charging documents or jury instructions to determine the crime of conviction. *Id.* at 602. This is known as the "modified categorical approach," which is at the heart of these appeals. We'll come back to it after explaining the facts of these appeals.

In these appeals, both appellants, Dennis Franklin and Shane Sahm, were sentenced for the federal crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Both were sentenced as armed career criminals under 18 U.S.C. § 924(e). That raised the statutory sentencing

range from a maximum of ten years in prison to a minimum of fifteen years in prison and a maximum of life in prison. The decisive prior convictions for both Franklin and Sahm were Wisconsin burglary convictions under Wis. Stat. § 943.10(1m).

There is no doubt that what Franklin and Sahm actually did to earn their prior convictions was burglarize buildings or structures, as prohibited by § 943.10(1m)(a). Their *actions* fit within the "generic burglary" definition adopted in *Taylor*— "an unlawful or unprivileged entry into, or remaining in, *a building or other structure*, with intent to commit a crime."

But under the categorical method adopted in *Taylor*, what counts is not what they actually did but the statutory definition of the crime. Taken as a whole, Wis. Stat. § 943.10(1m) is considerably broader than the "generic burglary" definition adopted in *Taylor*. The Wisconsin statute reaches burglaries of boats, trucks, and trailers, see *id.* at (c)–(e), but the *Taylor* definition does not. Thus, if we apply the "categorical" approach to the whole burglary statute, then Franklin and Sahm cannot be sentenced as armed career criminals under 18 U.S.C. § 924(e). See, e.g., *Descamps v. United States*, 570 U.S. 254, 261 (2013) (conviction under California burglary statute that did not require unlawful entry did not count as violent felony under Armed Career Criminal Act, even where defendant admitted he had actually broken into and entered a building to commit a crime).

B. *"Divisibility" and the "Modified Categorical Approach"*

That reasoning takes us, in this field of federal statutory sentencing enhancements based on prior convictions, to the concepts of "divisibility" and the "modified categorical approach." The categorical approach is straightforward enough

if the state statute of conviction contains only one set of elements defining a single crime. The sentencing court just compares that set to *Taylor*'s generic burglary to see if the elements match. The categorical approach is more difficult to apply if the statute in question is phrased alternatively, as many burglary statutes are—including Wisconsin's.

The Supreme Court has explained that alternatively phrased statutes come in two types: (1) those that list alternative *elements* (thus defining more than one crime within a single statute) and (2) those that list alternative *means* of committing an element of a single crime. See *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). If the statutory alternatives are different *elements*, then the statute is considered "divisible" in the sense that it divides into multiple crimes. *Mathis*, 136 S. Ct. at 2249. For that kind of statute, the federal court must "determine what crime, with what elements, a defendant was convicted of" before counting the conviction as a predicate under the Armed Career Criminal Act. *Id.*

This brings into play the "modified categorical approach" mentioned above. It permits the sentencing court to review "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)," but *only* for the limited purpose of determining whether the elements of the state crime of conviction match (or are narrower than) the elements of *Taylor*'s generic burglary. *Id.* at 2249, 2256. But the modified categorical approach has no role to play if an alternatively phrased statute describes different factual *means* of committing an element of a single crime. Recall that under *Taylor* the actual facts of the underlying case are off-limits. *Id.* at 2248. A statute of this latter type—one that lists alternative *means*—is indivisible. If its alternatives cover a broader swath

of conduct than *Taylor*'s generic burglary, then the conviction does not qualify under the Act. *Id.* at 2251; see also *Van Cannon v. United States*, 890 F.3d 656, 662–63 (7th Cir. 2018).

*Mathis* addressed the Iowa burglary statute. Like the Wisconsin statute, the Iowa statute extended to boats and vehicles, so it was broader than the federal "generic" burglary. The Supreme Court held that the Iowa statute was not divisible and thus could not support Armed Career Criminal Act sentences. That decision was easy in *Mathis* because the Iowa Supreme Court had held that the different locations in the Iowa statute were alternative means that did not require jury unanimity. *Mathis*, 136 S. Ct. at 2256, citing *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981).

Subsection (1m)(a) of the Wisconsin burglary statute, covering burglaries of buildings or dwellings, fits within the federal generic burglary definition. In these appeals, the United States has argued that the Wisconsin burglary statute is divisible among the different subsections listing different locations that are protected against burglarious entry. Charging documents for both Franklin and Sahm show they were charged with and convicted under § 943.10(1m)(a) for burglarizing buildings or structures.

The government thus argues that their convictions fall within *Taylor*'s generic burglary definition and they were properly sentenced as armed career criminals. That argument is valid if—and only if—the Wisconsin burglary statute is divisible in the sense meant by *Mathis* and *Taylor*. And the divisibility question in turn depends on the elements/means distinction we've just described: Are the different locations listed in subsections (1m)(a)–(f) distinct legal *elements* (so the burglary statute actually defines multiple crimes), or are they

different factual means of committing a single crime that has a locational element broad enough to cover all of the listed locations?

A couple of examples may illustrate the problem and its implications regarding jury unanimity, multiplicity, and double-jeopardy. First, suppose there is a factual question about just where a burglary took place. A homeowner-victim testifies that someone stole a computer, but he is not sure whether the stolen item was taken from the garage or the recreational vehicle parked outside in the driveway. See Wis. Stat. § 943.10(1m)(a) & (e). To convict for burglary, must the State prove, and must the jury decide, beyond a reasonable doubt whether it was the garage or the RV that was burglarized?

Or, to show the issues posed by overlaps among the different subsections, suppose a burglar enters the living quarters of a houseboat without consent and with the requisite intent to steal or commit a felony. Could a Wisconsin prosecutor charge him with four crimes: burglary in violation of subsection (1m)(a) (because the place he entered was a dwelling); burglary in violation of subsection (1m)(c) (because the place he entered was also a vessel); and two counts of burglary in violation of subsection (1m)(f) (because the place he entered was *both* a room within a dwelling *and* a room within a vessel)? Could a court sentence the burglar for more than one burglary? And how should the court instruct the jury in such a case? See, e.g., *State v. Anderson*, 219 Wis.2d 739, 580 N.W.2d 329 (Wis. 1998) (discussing problem of multiplicity).

II.  *Elements or Means in Wisconsin? The Parties' Arguments*

In trying to follow the method laid out in *Mathis*, our panel opinion noted that we found no definitive holding from the

Wisconsin Supreme Court or other state courts, nor did we find unmistakable signals in the statute itself, such as different punishments. 884 F.3d at 334–35. Without such clear signals, the choice between elements and means is more difficult. For the convenience of the Wisconsin Supreme Court, we summarize the arguments in the parties' briefs.

The defendants argue that the burglary statute is similar in relevant ways to the child enticement statute in *State v. Derango*, 236 Wis.2d 721, 613 N.W.2d 833 (Wis. 2000), which held that the different intentions in different subsections of Wis. Stat. § 948.07 were only different means of committing one crime, not different elements of different crimes. The defendants also rely on both the holding and reasoning of *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), where we held that the first subsection of the Wisconsin burglary statute ("building or dwelling") was not internally divisible for similar purposes under the then-applicable U.S. Sentencing Guideline provision for armed career criminals, which applied to burglaries only of dwellings, not of other structures.

Based on *Derango*, the defendants also argue that the Wisconsin legislative drafting preference for using different subsections does not imply that the different subsections signal different elements and different crimes. The defendants also rely on our observation in *Edwards* that Wisconsin charging documents are not useful in distinguishing between means and elements. 836 F.3d at 837–38. Defendants point out that Wisconsin charging documents often include non-essential factual details and can even be amended after trial to conform to the evidence, see *Derango*, 236 Wis.2d at 750–52, 613 N.W.2d at 847, which undermines the charging document's reliability

in identifying the elements the prosecution must prove be-
yond a reasonable doubt. Defendants also point out that *State
v. Hammer*, 216 Wis.2d 214, 220–21, 576 N.W.2d 285, 287 (Wis.
App. 1997), held that a burglary defendant's intended felony
is not an element, and the court observed that the language of
the statute indicated more generally "that the crime here is
one single offense with multiple modes of commission."

The United States argues that the panel opinion was cor-
rect and that the burglary statute clearly breaks out alterna-
tive location elements for burglary, at least one of which a jury
must find unanimously and beyond a reasonable doubt. The
statute refers to the entry into "any of the following places,"
which is not specific until a charging instrument or jury in-
struction identifies one of the following places from among
the different subsections. The government argues that the
Wisconsin Supreme Court's decision in *Derango* does not pro-
vide relevant guidance. The government reads *Derango* as
specific to the child enticement statute because it relied on the
nature of that crime, the role that intentions play (as distinct
from locations in the burglary statute), and statute-specific
legislative history. See 236 Wis.2d at 732–35, 613 N.W.2d at
838–39. The government also argues there is much less over-
lap among the burglary location subsections than among the
different intentions in the child-enticement statute.

With respect to *Edwards*, the government argues that case
did not decide the elements v. means question for the different
subsections of the burglary statute, and that charging docu-
ments from Wisconsin burglary cases in fact identify specific
subsections and provide reliable guidance for the location
charged, which tends to weigh in favor of treating the differ-
ent subsections as alternative elements. The government also

argues that Wisconsin's pattern jury instructions signal the different location subsections are different elements, requiring unanimous jury agreement on one location subsection. See Wis. J.I.—Crim. § 1424 n.2.

Regarding *Hammer*, the government notes the state court was addressing only the intended felony element, not the different location subsections. The government also argues that the legislative history of the burglary statute, in which the legislature broadened an earlier statute that covered only "any structure," supports treatment of the new, expanded alternatives as alternative elements. Along these lines, the government notes that the Wisconsin Supreme Court has held that the phrase "with intent to steal or commit a felony" creates two distinct crimes. *Champlain v. State*, 53 Wis.2d 751, 756 & n.4, 193 N.W.2d 868, 872 & n.4 (Wis. 1972), abrogated on other grounds, *State v. Petrone*, 161 Wis.2d 530, 550–58 & n.14, 468 N.W.2d 676, 683-86 & n.14 (Wis. 1991). (Defendants contend that *Champlain* is no longer good law even on the separate offense point, citing both *Derango*, 236 Wis.2d at 750–52, 613 N.W.2d at 847 and *Hammer*, 216 Wis.2d at 220, 576 N.W.2d at 287.)

III. *Our Request*

Like other federal courts, we often encounter questions of State law. In most cases we simply do our best to decide the cases before us without asking for help from the State courts. Here, however, two factors persuade us to ask the Wisconsin Supreme Court to step in.

First, the question of State law is a close one. Specific guidance from State law is limited, and both sides offer good reasons for interpreting the available signs in their favor. In our

panel opinion, we agreed with the government, but the petition for rehearing argues that our analysis did not give sufficient weight to the Wisconsin Supreme Court's decision in *Derango*, among other points. Upon further consideration, we view the question of State law as closer than our panel opinion did. The Wisconsin courts have considered similar questions in the context of other statutes and the felonious intent requirement of burglary, see, e.g., *State v. Hendricks*, 379 Wis.2d 549, 565–72, 906 N.W.2d 666, 675–76 (Wis. 2018), but it is not clear which of the "competing cases" from these other contexts "should control the elements v. means question for the burglary statute" and its location subsections. 884 F.3d at 336 n.3. In the end, only the Wisconsin Supreme Court can decide this issue definitively.

Second, this issue of state law is important for both the federal and state court systems, and a wrong decision on our part could cause substantial uncertainty and confusion if the Wisconsin Supreme Court were to disagree with us in a later decision. The choice between elements and means is decisive for Franklin and Sahm's federal sentences, and a number of other federal defendants may be affected directly. See also *United States v. Lamb*, 847 F.3d 928, 932 (8th Cir. 2017) (holding that Wisconsin burglary statute was divisible for purpose of Armed Career Criminal Act conviction for defendant in Minnesota), *cert. denied*, 138 S. Ct. 1438 (2018).

The answer to this question may also have significant practical effects for at least some of the nearly 2,000 burglary prosecutions in Wisconsin state courts every year. Those implications include the following. How should a jury be instructed in a burglary trial? What facts must the prosecution

prove beyond a reasonable doubt about the place the defend-
ant entered unlawfully and with felonious purpose? What
must the jury agree on unanimously about the place? The gen-
eral rule is that a jury must agree unanimously on each ele-
ment of the charged crime, but not on particular means. The
answer also has implications for questions of multiplicity and
double-jeopardy protections, which depend on the elements
of the crimes in question. See *Blockburger v. United States*, 284
U.S. 299 (1932). And the answer to the elements v. means
question will have practical consequences for prosecutors de-
ciding how to charge a suspect and for defense counsel advis-
ing clients about potential defenses and plea negotiations.

Pursuant to Wis. Stat. § 821.01 and our Circuit Rule 52, we
therefore request the Wisconsin Supreme Court to answer the
following question as a matter of Wisconsin law:

> Whether the different location subsections of
> the Wisconsin burglary statute, Wis. Stat.
> § 943.10(1m)(a)–(f), identify alternative ele-
> ments of burglary, one of which a jury must
> unanimously find beyond a reasonable doubt to
> convict, or whether they identify alternative
> means of committing burglary, for which a
> unanimous finding beyond a reasonable doubt
> is not necessary to convict?

We invite the Wisconsin Supreme Court to revise the question
if it judges that to be appropriate. The facts of these two fed-
eral cases are set forth in our panel opinion, 884 F.3d 331 (7th
Cir. 2018), and in the district court's sentencing transcripts. We
also submit to the Wisconsin Supreme Court the briefs and
records in both of these appeals.

While we await a response from the Wisconsin Supreme Court, we will keep these appeals pending in our court, subject to the pending petition for rehearing en banc.